GLD-134                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3784
_____

TYRONE GREEN,

Appellant

v.

UNITED STATES OF AMERICA;
COMMONWEALTH OF PENNSYLVANIA;
CHESTER COUNTY OF PENNSYLVANIA;
DETECTIVE GRANDIZIO;
THEODORE G. SCHNEINDER;
DISTRICT ATTORNEY JOSEPH CARROLL;
MAGISTRATE DAWSON R. MUTH;
DISTRICT ATTORNEY ANTHONY SARCIONE;
DISTRICT ATTORNEY NICHOLAS CASENTA;
JUDGE PAULA FRANSICO-OTT;
JUDGE BRENDA BICKING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-00568)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed  March 18, 2011)

_____

OPINION

_____

PER CURIAM

Tyrone Green, proceeding pro se, appeals from the District Court's orders denying

his motions to amend and for appointment of counsel, dismissing his complaint, and

denying his motion for reconsideration. For the reasons that follow, we will affirm the

District Court's orders.

Green was arrested in December 1993, and appeared before a Magistrate Judge in

January 1994. Green was convicted of murder in the second degree, robbery, recklessly

endangering another person, possessing an instrument of crime, and carrying a firearm

without a license, and was sentenced to life imprisonment. In January 2010, Green filed

a civil rights action pursuant to 42 U.S.C. § 1983 against the United States of America;

the Commonwealth of Pennsylvania ("the Commonwealth"); Chester County; Detectives

Grandizio and Theodore Schneinder; District Attorneys Joseph Carroll, Anthony

Sarcione, and Nicholas Casenta ("DA defendants"); and Judges Dawson R. Muth, Paula

Francisco Ott, and Brenda Bicking ("judicial defendants"). Green alleged that his

constitutional rights were violated because the criminal complaint that was filed against

him in 1993 was not signed by the proper issuing authority. He also asserted that a

fraudulent complaint containing the signatures of Judge Muth, Schneinder, and Carroll

was produced during his proceedings under Pennsylvania's Post Conviction Relief Act

("PCRA"), 42 Pa. Cons. Stat. §§ 9541, et seq., and that Chester County inadequately trained and supervised its police officers, detectives, and judges. Green requested compensatory damages in the amount of $50 million, as well as punitive damages, costs, and referral to the United States Attorney General for prosecution.

The District Court dismissed the claims against the United States, the Commonwealth, the judicial defendants, and the DA defendants pursuant to 28 U.S.C. § 1915(e). The remaining defendants, Chester County and Detectives Grandizio and Theodore Schneinder, filed a motion for judgment on the pleadings or for summary judgment; Green filed motions to amend his complaint. By order entered July 30, 2010, the District Court granted defendants' motion and denied Green's motions for leave to amend his complaint. The District Court also denied Green's motions for appointment of counsel. Green filed a motion for reconsideration and a motion for leave to amend his complaint. The District Court denied these motions. Green filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the orders granting defendants' motions is plenary.[1] Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We review an order denying a motion to amend or a motion for

---

[1] Although the remaining defendants filed a motion for judgment on the pleadings or for summary judgment, the District Court considered the motion as arguing that Green failed to state a claim upon which relief may be granted. See Melo v. Hafer, 912 F.2d 628, 633 (3d Cir. 1990).

3

reconsideration for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir.1999). We may affirm the District Court's order for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir.2005)

A.     Dismissal pursuant to 1915(e)

The District Court properly dismissed the claims against the United States, the Commonwealth, the judicial defendants, and the DA defendants pursuant to 28 U.S.C. § 1915(e), as these defendants are all immune from suit. Sovereign immunity bars this suit against the United States and the Commonwealth. United States v. Mitchell, 445 U.S. 535, 538 (1980); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Judges and prosecutors enjoy immunity from suit for damages under § 1983 for actions performed within their authority. Stump v. Sparkman, 435 U.S. 349, 356-57, 363-64 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). A judge is immune from suit even if he erred in his decision. See Stump, 435 U.S. at 364. A prosecutor is immune from suit even if he committed perjury or falsified evidence. See Imbler, 424 U.S. at 431 n.34. Green's complaint does not allege that the judicial or DA defendants acted outside the scope of their duties as judges or prosecutors. Thus, the District Court properly dismissed the claims against the judicial and DA defendants, the Commonwealth, and the United States.

B.     Motion to Dismiss

4

Green alleged that his constitutional rights were violated because the original criminal complaint that was filed against him was not signed by the proper issuing authority. He also asserted that a fraudulent complaint was produced during his PCRA proceedings to hide the defect in the original complaint, and that Chester County inadequately trained and supervised its police officers, detectives, and judges regarding the filing of criminal complaints. The contours of Green's claims are not clearly defined. However, the District Court properly concluded that he failed to state a claim for relief. To the extent Green raises a false arrest or false imprisonment claim, his claim is barred by the statute of limitations. To the extent Green raises a claim that effectively would challenge his underlying conviction, it is not cognizable.

Green's claim for false arrest or false imprisonment is barred by the two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524(1) (two-year statute of limitations for false imprisonment and false arrest); Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (limitations period for § 1983 actions governed by the state in which the cause of action accrued). The statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." See Wallace v. Kato, 549 U.S. 384, 397 (2007). The statute of limitations thus commenced when Green appeared before the Magistrate Judge in his preliminary hearing in January 1994. See id. at 391. Green's § 1983 action was filed in January 2010, well beyond the expiration of the limitations period. Green argues that the statute of limitations should run from his

5

discovery of defendants' submission of the allegedly fraudulent criminal complaint in 2009. Green's argument fails. The submission of an allegedly fraudulent criminal complaint in PCRA proceedings was not the event that put Green on notice of his false arrest claims. In 1994, Green was in possession of the criminal complaint that he alleges did not contain the appropriate signatures to establish probable cause for his arrest.

To the extent Green claims that his conviction or sentence is invalid because the criminal complaint filed against him did not contain the proper signatures, such a claim is not cognizable under § 1983, as his conviction has not been reversed, expunged, or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

C.     Motions to Amend

After the remaining defendants filed their answer to his complaint, Green filed motions for leave to amend the complaint. Green's second and third proposed amended complaints[2] appear to allege the same claims as his original complaint. The District Court thus did not abuse its discretion in denying Green leave to file the second or third proposed amended complaints; the amendments would have been futile as the claims are either not cognizable or barred by the statute of limitations. See Grayson, 293 F.3d at 108.

---

[2] The District Court did not abuse its discretion in denying Green's first proposed amended complaint as moot because he stated that his "other complaints [are] to be discarded" and replaced by his proposed amended complaint filed on July 2, 2010.

6

D.      Motion to Appoint Counsel

In determining whether to grant a motion for appointment of counsel, a district court first must determine, as a threshold matter, whether the "claim has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If this threshold is met, the court may consider a number of additional factors, including: the litigant's ability to present the case, the difficulty of the particular legal issues, the degree to which a factual investigation is required, the litigant's capacity to retain counsel on his own, the extent to which the case is likely to turn on credibility determinations, and whether the case will require expert testimony. Id. at 155-56. The District Court denied Green's motions for appointment of counsel because the legal question involved was not complex and did not require a factual investigation. As discussed above, the District Court's dismissal of Green's complaint was proper. The District Court did not abuse its discretion in denying Green's motions for appointment of counsel.

E.      Motion for Reconsideration

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe, 176 F.3d at 677. A judgment may be amended if the party seeking reconsideration demonstrates that there is an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error law or fact or to prevent manifest injustice. Id. In his motion for reconsideration, Green merely restated the arguments that he made in his

original complaint and proposed amended complaints.  The District Court thus did not abuse its discretion in denying his motion.

After reviewing the record and considering the arguments raised in Green's argument in support of his appeal, we conclude that the District Court properly dismissed Green's complaint for failure to state a claim and did not abuse its discretion in denying Green's motions for leave to amend his complaint, his motions for appointment of counsel, and his motion for reconsideration.

Accordingly, we will affirm the District Court's judgment.