**ALD-043**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3608
_____

DONNELLY J. LEBLANC,
                                    Appellant
v.

LARRY SNAVELY;
KRISTOPHER M. KELLER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-05672)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: December 6, 2011)
_____

OPINION
_____

PER CURIAM.

        In September 2011, Donnelly J. LeBlanc sued Kristopher Keller and Larry

Snavely pursuant to 42 U.S.C. § 1983 for false arrest, false imprisonment, and use of

excessive force.  The claims arose from an incident that occurred on or about February

22, 2008.  In his complaint, LeBlanc described the night's events as follows.

Keller responded to the second of two police calls to LeBlanc's residence. Despite Keller's knowledge that a police officer responding to the first call had directed LeBlanc to stay in his car overnight, Keller called the District Attorney and falsified some facts and omitted others so that he could arrest LeBlanc for a DUI. Keller then forced LeBlanc from his vehicle and placed him under arrest. A struggle ensued when Keller tried to place LeBlanc into a police car. Also, upon arrival at the police station, LeBlanc was injured when he hit his head on the pavement when Keller removed or pushed him from the police car. After being treated and released from the hospital, LeBlanc was transported to prison without being brought before a magistrate judge. After his release from prison, LeBlanc complained to Snavely, the police chief, but Snavely did not intervene.

Based on LeBlanc's allegations and the documents attached to his complaint, he was preliminarily arraigned on the charges on April 3, 2008. The DUI charge was dismissed in March 2008 (in January 2011, five other charges stemming from the circumstances of the DUI arrest were resolved by plea agreement).

Screening LeBlanc's complaint pursuant to 28 U.S.C. § 1915A, the District Court dismissed it as frivolous on the ground that it was barred by the applicable statute of limitations. LeBlanc appeals. With his notice of appeal and in a document he filed in support of his appeal, he explains he does not understand how his claims could be time-barred when the District Court previously dismissed them in an earlier action as "unripe."

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of the complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, because no substantial issue is presented on appeal, we will summarily affirm the District Court's decision. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In short, LeBlanc's complaint was properly dismissed on screening because he did not state a claim upon which relief can be granted. See Erie Telecommc'ns, Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988) ("An appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision.").

If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The running of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). However, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

In this case, LeBlanc's claims were subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); see also 42 Pa. C.S. § 5524. His cause

3

of action accrued when he knew or should have known of the injury upon which his action is based.  See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).  A claim of false imprisonment accrues when a person is detained without legal process (the claims ends once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges).  Wallace v. Kato, 549 U.S. 384, 389-90 (2007).

In this case, LeBlanc knew or should have known of his claims of false arrest and excessive force on the night of February 22, 2008.  Based on his allegations, LeBlanc's claim of false imprisonment began to accrue on that night, too, and could not continue to accrue after he was arraigned on April 3, 2008.  Because he filed his complaint more than two years later, in September 2011, his complaint was time-barred and subject to dismissal.[1]

For these reasons, the District Court properly dismissed LeBlanc's complaint.  Although the District Court did not explicitly consider whether LeBlanc

---

[1] We understand that LeBlanc may be confused by an earlier District Court ruling (in 2009) dismissing claims (which LeBlanc says are the same or similar to those at issue here) as unripe.  However, that decision, which LeBlanc has not sought to reopen pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and from which LeBlanc has never appealed, is not before us.  Furthermore, it is too late for him to appeal from it now.  See Fed. R. App. P. 4(a)(1); Bowles v. Russell, 551 U.S. 205, 209-14 (2007).

could amend his complaint to state a claim, because it appears that amendment would be futile, the District Court did not err in declining to afford LeBlanc leave to amend.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).