**GLD-012**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3300
_____

ELIZABETH HARVEY,
                                   Appellant

v.

PETER G. LOFTUS; C. KENT PRICE, Esquire;
JUDGE M. MUNLEY, in his official and individual capacities;
RAMANI AYER, Chairman and Chief Executive Officer;
HARFORD INSURANCE CO.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-02505)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2012

Before:  FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: November 27, 2012)

_____

OPINION
_____

PER CURIAM

Elizabeth Harvey, proceeding pro se, appeals an order from the United States District Court for the Middle District of Pennsylvania dismissing her complaint and an order denying her motion to reconsider that dismissal. Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

I.

In December 2010, Harvey filed a complaint in the District Court that she amended in March 2011, broadly asserting three claims against Ramani Ayer, Peter Loftus, Judge James M. Munley, Kent Price, and Does 1-5. The claims and defendants were related to a separate civil case Harvey was pursuing. The first claim was a malpractice claim against Loftus, Harvey's attorney in the civil case, alleging that he failed in his professional obligations to Harvey and thereby violated her constitutional rights to due process and equal protection. Harvey next claimed that Ayer, Loftus, Judge Munley, and Price conspired to have Harvey accept a settlement offer so that Judge Munley could take a vacation rather than preside over her trial, and when she refused to settle the trial was sabotaged. Harvey finally claimed that the defendants deprived her of her constitutional rights and caused her severe emotional distress for which she sought relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1977).

All named defendants filed motions to dismiss, and, on May 23, 2012, Harvey responded and waived objection to dismissal of the claims against Ayer and Price.

2

Harvey's response to the motions to dismiss did not provide additional factual allegations.

On June 8, 2012, the District Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissed the complaint with prejudice as to the second and third claims; it dismissed the first claim as a pendent state law claim over which it did not have supplemental jurisdiction. Harvey filed a "Motion for Extension of Time To For a 30 Days Extension of Time to Respond to and/or Seek Further Consideration of Court's 6/7/2012 Order Dismissing This Action" on June 18, 2012. Harvey's motion generally requested (1) a thirty day extension "to seek further consideration of the Court's action" and potentially "file a Second Amended Complaint" and (2), in the alternative, relief from the order pursuant to Federal Rule of Civil Procedure 60(b)(3) "[o]r any other applicable rule under F.R.C.P." The motion's basis for an extension of time was a flu-like illness that Harvey suffered. In regard to the request for relief under Rule 60(b)(3), the motion broadly accused the District Court of favoring the defendants, prejudicing Harvey, and potentially acting with "impermissable [sic] motive."

On June 19, 2012, the District Court denied Harvey's motion, without characterizing it, but the District Court did note its unpersuasiveness. Harvey filed a notice of appeal on August 14, 2012, specifically challenging the District Court's order denying the motion. On appeal, Harvey generally alleges that fraud tainted the

proceedings in the District Court and that the District Court "completely ignored" facts for the purpose of "concealment or non-disclosure of a material fact."[1]

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 121 n.1 (3d Cir. 2001). Although the notice of appeal only referenced the denial of Harvey's Rule 60(b) motion, we construe it liberally to encompass both orders.[2] See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000).

Our review of the District Court's grant of Loftus and Judge Munley's motions to dismiss is de novo. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In order to survive dismissal a complaint must contain sufficient factual matter, accepted as

---

[1] Harvey's response to the Clerk's notice of possible summary affirmance raised concerns regarding whether this Court received the record from the District Court. The District Court record was made available electronically to this Court on August 17, 2012. Notice was electronically mailed to all defendants, but notice was not sent to Harvey. In deciding this matter we reviewed the District Court's record and Harvey's response to the notice of potential summary affirmance.

[2] Ordinarily, when a United States officer, such as Judge Munley, is sued in an official capacity, an appeal must be filed within sixty days of the appealed order or judgment. Fed. R. App. P. 4(a)(1)(B). However, when a party files a timely motion under Federal Rule of Civil Procedure 60 within twenty-eight days after judgment is entered, the time to file an appeal is tolled until the date of the District Court's disposition of the post-judgment motion. Fed. R. App. P. 4(a)(4)(A); see also Long v. Atlantic City Police Dep't, 670 F.3d 436, 440 (3d Cir. 2012). In this case, Harvey filed her Rule 60 motion on June 18, 2012, ten days after the June 8th order dismissing the case, thereby tolling the appeal period until "the entry of the order disposing of" the motion. Fed. R. App. P. 4(a)(4)(A). The district court denied Harvey's motion on June 19, 2012, at which time the sixty-day appeal period began running. Harvey's notice of appeal was therefore timely filed on August 14, 2012, within sixty days of the District Court's June 19th order.

true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  We review the denial of a Rule 60(b)(3) motion for abuse of discretion.  Budget Blinds of NJ, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Lorenzo v. Griffith, 12 F.3d 23, 26 (3d Cir. 1993).  We may summarily affirm if the appeal presents no substantial questions.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

Harvey alleged that Judge Munley made critical comments during a settlement conference and read jury instructions improperly in furtherance of a conspiracy to punish Harvey for not accepting a settlement offer.  All of the allegations against Judge Munley concerned acts taken in his judicial capacity and in a matter over which he had jurisdiction.  Absolute judicial immunity shields judges from liability for such acts. Cleavinger v. Saxner, 474 U.S 193, 199 (1985).  Judicial immunity attaches even if the act was done in furtherance of a conspiracy.  Dennis v. Sparks, 449 U.S. 24, 26-27 (1980).  Thus, Judge Munley is entitled to absolute judicial immunity for Harvey's conspiracy claim.  Judge Munley is likewise entitled to absolute judicial immunity for Harvey's Bivens claim.  See Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under

5

section 1983 for monetary damages arising from their judicial acts."). Accordingly, the District Court correctly dismissed all claims against him with prejudice.

IV.

The District Court's dismissal of the conspiracy claim against Loftus was appropriate because Harvey's allegations and the reasonable inferences they supported failed to state a conspiracy claim. See Iqbal, 556 U.S. at 678; see also Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) ("[I]t is a longstanding rule in the Third Circuit that a mere general allegation . . . of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (alteration in original) (quoting Kalmanovitz v. G. Heileman Brewing Co., Inc., 595 F.Supp. 1385, 1400 (D.Del. 1984), aff'd, 769 F.2d 152 (3d Cir. 1985)). As the District Court correctly determined, Harvey's complaint did not rise above general allegations and conjecture. Because Harvey's complaint failed to provide sufficient factual allegations to support an inference of agreement between the defendants, we agree with the District Court's dismissal of Harvey's conspiracy claim against Loftus with prejudice.[3]

---

[3] In her response to the motions to dismiss, Harvey argued that her complaint satisfied the fair notice pleading standard of Conley v. Gibson, 355 U.S. 41 (1957). That standard was abrogated by and replaced with the plausibility standard of pleading in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Harvey sought damages under a <u>Bivens</u> action against Loftus for emotional distress suffered as a result of the alleged conspiracy. The <u>Bivens</u> action relied on the improperly pled conspiracy claim, thus it is also insufficient. We therefore affirm the District Court's dismissal of the <u>Bivens</u> action against Loftus with prejudice.[4] <u>See</u> <u>Hughes</u>, 242 F.3d at 121 n.1.

Finally, we concur in the District Court's decision to not exercise supplemental jurisdiction over the state law malpractice claim against Loftus. 28 U.S.C. § 1367(c)(3); <u>see</u> <u>Borough of W. Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995).

V.

Harvey requested relief under Rule 60(b)(3) from the dismissal of her complaint. In order to prevail on a Rule 60(b)(3) motion, the moving party "must establish that the adverse party engaged in fraud or other misconduct and that the misconduct prevented the moving party from fully and fairly presenting his case." <u>Stridiron v. Stridiron</u>, 698 F.2d 204, 206-07 (3d Cir. 1983). Harvey's 60(b)(3) motion did not allege fraud or misconduct against the defendants; rather, she alleged misconduct on the part of the District Court.

---

[4] The District Court dismissed the <u>Bivens</u> action against Loftus as brought outside the two-year statute of limitations. The duration of the alleged conspiracy is unclear and we are not convinced that this claim should have been dismissed for violating a statute of limitations. Regardless, any error was harmless because the complaint failed to state a claim upon which relief can be granted. <u>See</u> <u>McDonough Power Equip. v. Greenwood</u>, 464 U.S. 548, 553-54 (1984); <u>Rose v. Bartle</u>, 871 F.2d 331, 342-43 (3d Cir. 1989).

7

Alleged misconduct of the District Court may be remedied by a motion pursuant to Rule 60(b)(6) "in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993); see also Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999). Harvey's motion made no concrete allegations of misconduct, and primarily addressed the District Court's rulings that were adverse to her. Accordingly, because Harvey did not allege any fraud perpetrated by an adverse party and did not demonstrate extraordinary circumstances or extreme hardship caused by the District Court, there was no basis for relief under Rule 60(b).

## VI.

For the foregoing reasons, this appeal presents no substantial question and we will summarily affirm.