**BLD-023**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3113
_____

JUSTIN M. HICKOX,
Appellant

v.

COUNTY OF BLAIR; BLAIR COUNTY PRISON;
MICHAEL JOHNSTON; ROSS NEGRI; JACQUELINE YOHRLING;
DAVID URISH; FRANCIS BAILEY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00089 )
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Filed: November 4, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Justin Hickox brought this pro se civil rights action claiming excessive force and deliberate indifference to his medical needs by the defendants. His claims arise from an incident that took place in November 2010, while Hickox was incarcerated as a pretrial detainee at Blair County Prison in Hollidaysburg, Pennsylvania. The District Court, approving and adopting the Report and Recommendation of the Magistrate Judge, granted the defendants' motion to dismiss and dismissed Hickox's complaint on res judicata and statute of limitations grounds. Hickox appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over a dismissal based on res judicata. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On March 18, 2011, Hickox filed a pro se civil rights complaint in the District Court for the Middle District of Pennsylvania, which was transferred to the District Court for the Western District of Pennsylvania. See Hickox v. Blair County, et al., W.D. Pa. No. 11-cv-00078. In that first action, Hickox brought claims against the current defendants for excessive force, failure to provide medical care and indifference to his medical needs, and intentional infliction of emotional distress. Hickox alleged that on or about November 13, 2010, he was deliberately injured by Blair County Prison corrections officers while being moved from his cell in the general population to the Restricted Housing Unit. Hickox also alleged that he suffers from chronic pulmonary disease, he

2

had difficulty breathing during this incident, and prison staff refused to provide him with medical care.

After discovery, the defendants moved for summary judgment on all claims. Hickox filed a cross-motion for summary judgment. The District Court, approving and adopting the supplemented Reports and Recommendations of the Magistrate Judge, granted the defendants' motion and denied Hickox's motion. The District Court found that Hickox had failed to produce any evidence of excessive force, any evidence that he had an immediate serious medical need to which the defendants had been deliberately indifferent, or any evidence of injury as a result of the alleged refusal to provide medical care. Judgment was entered in favor of the defendants and against Hickox on December 12, 2012. Hickox appealed the judgment to this Court, but the appeal was later dismissed for failure to pay the filing fee. See Hickox v. County of Blair, et al., C.A. No. 12-4565 (3d Cir. Feb. 25, 2013).

On October 30, 2013, Hickox filed the current action in the Court of Common Pleas of Blair County, Pennsylvania, bringing substantially the same claims for excessive force and deliberate indifference in violation of his constitutional rights, against the same defendants named in the 2011 action, based on the same November 2010 incident and resulting injuries. The defendants removed the action to the District Court for the Western District of Pennsylvania on the basis of federal subject matter jurisdiction, see 28 U.S.C. §§ 1331 & 1441(a), and moved to dismiss under Federal Rules of Civil

3

Procedure 8(c) and 12(b)(6), on the grounds that Hickox's claims were barred by res judicata and the statute of limitations.[1]

The doctrine of res judicata, or claim preclusion, precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. The doctrine applies when a defendant demonstrates that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984) (citing I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946–947 (D.C. Cir. 1983); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)). The doctrine bars not only claims that were brought in a previous action but also claims that could have been brought. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

The District Court properly dismissed Hickox's October 2013 complaint as barred by the doctrine of res judicata. The judgment entered in favor of the defendants and against Hickox by the District Court in W.D. Pa. Civ. No. 11-cv-00078 was unquestionably a final adjudication on the merits in a suit involving the same parties.[2]

---

[1] In this Circuit, a defendant may assert a statute of limitations defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) where it is apparent on the face of the complaint that the claims are time-barred. See Robinson v. Johnson, 313 F.3d 128, 135 & n.3 (3d Cir. 2002).

[2] Hickox named Blair County Prison as a defendant in the second case and in his initial complaint in the first case, but did not name the Prison as a defendant in his second amended complaint in the first case, which was the operative complaint at the time of

4

Furthermore, Hickox's current complaint asserts virtually the same claims of excessive force and deliberate indifference, based on the same underlying November 2010 incident. See Athlone Indus., 746 F.2d at 984 (explaining that, for res judicata purposes, suits involve the same cause of action where there is "an essential similarity of the underlying events giving rise to the various legal claims").

In his opposition to the motion to dismiss, Hickox concedes that the claims are "identical" and this matter was previously litigated and resolved in favor of the defendants, but he argues that "new" claims preclude dismissal of his complaint. No new claims are identified. Instead, Hickox asserts that res judicata should not apply because the District Court's summary judgment decision in W.D. Pa. Civ. No. 11-cv-00078 was wrongly decided. Even assuming this were true, it is well established that an erroneous prior judgment nonetheless has preclusive effect. See Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 576–77 (3d Cir. 2002).

The District Court also properly dismissed Hickox's claims as time-barred. Claims arising under 42 U.S.C. § 1983 are subject to state statutes of limitations governing personal injury actions. See Garvin v. City of Phila., 354 F.3d 215, 220 (3d Cir. 2003) (noting that there is a two-year statute of limitations for such actions in

---

summary judgment. This variation is immaterial to our inquiry, however, as "'res judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.'" Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991) (quoting Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972)).

5

Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524.  Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions.  Hickox's current complaint was filed in October 2013, nearly a year after the statute of limitations had expired.

In his opposition to the defendants' motion to dismiss, Hickox argues that the statute of limitations should be tolled in this case because he "continues to suffer" back pain and fear of law enforcement personnel as a result of the defendants' 2010 actions.  However, the "continuing violation" doctrine Hickox invokes refers to "continual unlawful acts [by the defendants], not continual ill effects from an original violation." Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) (quoting Ocean Acres Ltd. P'ship v. Dare Cnty. Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983)); see also Montañez v. Sec'y Pa. Dep't of Corr., --- F.3d ---, 2014 WL 5155040, at *5–6 (3d Cir. Aug. 15, 2014, Nos. 13-1380, 13-1478).[3]  Accordingly, his current claims are also time-barred.

---

[3] Under the continuing violation doctrine, "'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period.'" Montañez, 2014 WL 5155040, at *5 (quoting Cowell, 263 F.3d at 292).  Hickox also alleges that the staff at Blair County Prison – where Hickox is no longer incarcerated – "continue to assault" inmates, but does not allege that he himself was assaulted after November 2010.  Hickox does not have standing to sue on behalf of other inmates.  See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

We conclude that there is no substantial question presented by this appeal, and will summarily affirm the District Court's order granting the defendants' motion to dismiss. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.