ALD-281                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1249
_____

GREGORY SHANE KINNARD, JR.,
Appellant

v.

MICHAEL A. GEORGE, Coram Non Judice 51st District Judge;
THOMAS R. CARR, Coram Non Judice 51st District Magistrate
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D.Pa. No. 1:15-cv-01149)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Filed: June 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Appellant Gregory Shane Kinnard, Jr., proceeding pro se, appeals from the

District Court's order dismissing his federal civil rights action pursuant to Federal Rule

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of Civil Procedure 12(b)(6). Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Kinnard filed two separate civil rights complaints pursuant to 42 U.S.C. § 1983. Kinnard's complaint in Kinnard v. Carr, 1:15-CV-01151 (M.D. Pa.) named the Honorable Thomas R. Carr, a Magisterial District Judge of the 51st Judicial District of Pennsylvania, as a defendant, and Kinnard's complaint in Kinnard v. George, 1:15-CV-01149 (M.D. Pa.) named the Honorable Michael A. George, a judge of the Court of Common Pleas of Adams County, Pennsylvania, as a defendant. The District Court consolidated the lawsuits. In the consolidated complaint, Kinnard asserts multiple violations of his rights. According to Kinnard, Judge Carr was "the issuing authority" of the "criminal complaint," the "affidavit of probable cause," the "bail bonds," the "[w]arrant of arrest," and "offense tracking" in the criminal case brought against him in March 2002. Carr Compl. at 2. Kinnard alleges that these criminal charges were "unlawful, illegal, and prohibited" because Judge Carr had a "fiduciary financial interest relationship" with the victims in his criminal case. Id. at 3. Specifically, Kinnard alleges that, at the time, both the victims and Judge Carr were employed by the 51st Judicial District. Id. As a result, Kinnard contends that their relationship renders his criminal case unlawful, and furthermore, that his present incarceration "derive[s] from the concealment of an unlawful arrest that [Judge Carr] performed in his judicial line of duty as Magistrate Dist. Justice." Id. Consequently, Kinnard asserts violations of the

2

Pennsylvania Code of Judicial Conduct, the Pennsylvania Constitution, and the United States Constitution, as well as a variety of state law claims. Id. at 3-5.

Kinnard alleges that Judge George engaged in a series of "prohibited and unlawful" actions while presiding over Kinnard's criminal case from 2002 until 2014, at which point Judge George recused himself when Kinnard requested that he be a character witness. George Compl. at 2-3. Specifically, Kinnard alleges that Judge George "unlawfully" issued criminal charges, "unlawfully" convicted him, and "unlawfully" sentenced him to confinement because Judge George, like Judge Carr, had a "fiduciary financial interest relationship[ ]" with the victims in his case. Id. at 2-5. Based upon Judge George's purported relationship with the victims, Kinnard alleges numerous violations of the Pennsylvania Code of Judicial Conduct, the Pennsylvania Constitution, and the United States Constitution, as well as a variety of state law claims. Id. at 5-7.

The defendants filed a motion to dismiss, pursuant to Rule 12(b)(6), on the basis of judicial immunity. The Magistrate Judge issued a Report and Recommendation concluding that Kinnard's claims were precluded by judicial immunity and that allowing leave to appeal would be futile. The District Judge adopted the Report and Recommendations over Kinnard's objections and dismissed all of Kinnard's claims. Kinnard now appeals from the District Court's order.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006). When reviewing an order

dismissing for failure to state a claim under Rule 12(b)(6), we "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." Fellner v. Tri–Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We agree with the District Court that Kinnard has failed to state a plausible claim against either of the defendants because his claims against Judges Carr and George are barred by the doctrine of absolute judicial immunity. Judges are immune from suit under § 1983 for actions arising from their judicial acts. Gallas v. Supreme Court, 211 F.3d 760, 768 (3d Cir. 2000); see also Mireles v. Waco, 502 U.S. 9, 9 (1991) (a judicial officer in the performance of his duties has absolute immunity from suit and will not be held liable for his judicial acts). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Given that Kinnard complains of judicial actions that Judges Carr and George took in the course of an official criminal proceeding, Judges Carr and George are protected by absolute judicial immunity.

Kinnard's argument in support of his appeal consists of various assertions that Judges Carr and George acted under color of state law and outside their authority to deprive Kinnard of his rights. This is insufficient to circumvent the judicial immunity

4

doctrine.  Even if the court were to interpret Kinnard's argument as being that Judges Carr and George had "no jurisdiction" to rule against him, Kinnard did not set forth any facts whatsoever to support the assertion that Judges Carr and George acted in an absence of jurisdiction.   See e.g., Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (explaining that, generally, "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes") (citation and quotation omitted).  Therefore, the District Court correctly concluded that the complaint failed to state a claim against Judges Carr and George.

Lastly, we conclude that the District Court did not err by declining to give Kinnard an opportunity to amend the complaint to better support his claims; as the Magistrate Judge and District Court explained, such amendment would be futile.  See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (explaining that a district court need not permit a curative amendment if such amendment would be futile).

III.

For these reasons, we conclude that this appeal presents no substantial question.  Accordingly, we will summarily affirm the District Court's order dismissing Kinnard's complaint.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.