**CLD-010** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2601
_____

DEMAR EDWARDS,
                                        Appellant

v.

NORTHAMPTON COUNTY; NORTHAMPTON COUNTY COUNCIL MEMBERS 1-
9; NORTHAMPTON COUNTY EXECUTIVE; NORTHAMPTON COUNTY PRISON;
PRIMECARE INC.; TODD L. BURKIRK; MICHAEL BATEMAN; NANCY
CUNNINGHAM; VICTORIA GESSNER; EMILIA CAPUTO; THERESA NAGLE;
JENNIFER MROZ; JENNIFER KELLER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-12-cv-05323)
District Judge:  Honorable Jan E. DuBois
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2016

Before: FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 24, 2016)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

————

PER CURIAM

Demar Edwards ("Edwards") appeals from an order of the District Court granting summary judgment to defendants. We will summarily affirm.

In November 2012, Edwards, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of Pennsylvania. Edwards averred violations of his Eighth Amendment right against cruel and unusual punishment and his First, Eighth, and Fourteenth Amendment rights to have "vital medical knowledge." Edwards had recently undergone ankle surgery prior to his pretrial detention at Northampton County Prison in September 2010. Within a short period of time, a methicillin-resistant Staphylococcus aureus ("MRSA") infection developed in his leg, requiring lengthy surgeries in which muscle and skin were removed from his leg. Edwards claimed that his MRSA infection was the result of his placement in an unclean cell, the prison's failure to implement and enforce appropriate MRSA precautions, and inadequate medical treatment. Edwards named two groups of defendants: (1) entities and persons associated with Northampton County, including the County itself, Northampton County Council members, the Northampton County Executive, Northampton County Prison, Warden Todd L. Buskirk, and Deputy Warden Michael Bateman ("Northampton defendants"); and (2) entities and persons involved in the medical treatment provided at Northampton County Prison, including PrimeCare, Inc. and PrimeCare employees – Theresa Nagle, M.A., Jennifer

2

Mroz, P.A., Nancy Cunningham, R.N., Emilia Caputo, R.N., Jennifer Keller, R.N., and Victoria Gessner, M.D. ("medical defendants").

In January 2013, the medical defendants filed a motion to dismiss for failure to state a claim. Edwards subsequently filed an amended complaint in April 2013, rendering the motion to dismiss moot. Shortly thereafter, the medical defendants filed a motion to dismiss Edwards' amended complaint. By Order entered on June 21, 2013, the District Court granted the motion with prejudice as to the claims against Nagle, Caputo, Keller, and Gessner on the ground that the amended complaint did not allege that these defendants played any role in Edwards' care or created any policy that affected Edwards. The motion was denied as to the other medical defendants. Edwards filed a second amended complaint in July 2013, in which he pleaded additional facts involving defendants Nagle, Caputo, Keller, and Gessner.

In June 2014, the Northampton and medical defendants filed motions for summary judgment. In July 2014, Edwards moved for an extension of time to complete discovery in order to obtain the testimony of an expert. The District Court granted his motion, and denied defendants' motions for summary judgment without prejudice by order entered on August 26, 2014. At the close of discovery, the medical and Northampton defendants again filed motions for summary judgment in April and May 2016, respectively. In an order entered on April 29, 2016, the District Court granted summary judgment in favor of all defendants.

Edwards appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Edwards has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit. We exercise plenary review over a district court order for summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A court should grant summary judgment where the non-movant's evidence is merely colorable or not significantly probative, Anderson, 477 U.S. at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

I.

4

We agree with the analysis of the District Court and, accordingly, conclude that summary judgment was appropriate with regard to Edwards' conditions of confinement and denial of medical treatment claims. Edwards alleged two bases for his conditions of confinement claims: that his MRSA infection was caused by (1) defendants' reckless disregard for the unclean conditions of his cell; and (2) defendants' reckless failure to implement and enforce adequate MRSA precautions.

Typically, a prisoner challenging the conditions of his confinement asserts claims under the Eighth Amendment's prohibition of cruel and unusual punishment. See, e.g., Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). To prevail, a prisoner must demonstrate a defendant acted with "deliberate indifference" to those conditions. Farmer v. Brennan, 511 U.S. 825, 828 (1994). Deliberate indifference is established if a defendant (1) "knows that inmates face a substantial risk of serious harm"; and (2) "disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. As the District Court noted, however, Edwards was a pretrial detainee whose claim should be evaluated under the Due Process Clause of the Fourteenth Amendment, as opposed to the Eighth Amendment. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (citing Bell v. Wolfish, 441 U.S. 520, 535–36 (1979)). Under the Due Process Clause, "the

5

proper inquiry is whether [the challenged] conditions amount to punishment of the detainee." Bell, 441 U.S. at 535.

While we have not previously addressed the standard governing a pretrial detainee's conditions of confinement claim such as Edwards' in a precedential opinion, we have stated in dicta that the state of mind requirement for prisoners' failure to protect claims – "deliberate indifference" – applies also to pretrial detainees' claims. See Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991). Thus, we agree with the District Court and find no reason to apply a different standard here as we have applied the "deliberate indifference" standard both in cases involving prisoners, see, e.g., Hamilton, 117 F.3d at 746 (failure to protect), and pretrial detainees, see, e.g., Colburn, 946 F.2d at 1024 (detainee suicide). This is consistent with the holdings of our sister circuits, see, e.g., Caiozzo v. Koreman, 581 F.3d 63, 71 (2d Cir. 2009); Tesch v. County of Green Lake, 157 F.3d 465, 474-75 (7th Cir. 1998); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996), as well as with the dictates of Bell.

Here, the District Court properly concluded that even though Edwards testified that he was placed in a "filthy cell," with a sticky, food-covered floor and urine-soaked toilet, he failed to present evidence that the Northampton defendants were aware of the alleged conditions. Although Edwards submitted several letters to Buskirk and personally complained to Bateman about his medical care, there is no record that he complained of unclean cell conditions to either defendant. Moreover, as the District

6

Court concluded, the record does not show that the conditions of Edwards' cell or the actions of the prison personnel caused his MRSA infection. See Best v. Essex County, 986 F.2d 54, 57 (3d Cir. 1993) (finding no causal link between prison overcrowding and assault of plaintiff-detainee by fellow detainee). We further conclude that the District Court properly rejected Edwards' claim that the doctrine of res ipsa loquitur supports an inference of causation, as his allegations were not grounded in negligence. See Smith v. Spina, 477 F.2d 1140, 1143 (3d Cir. 1973) ("It is, of course, fundamental that the Civil Rights Act permits recovery for only 'deprivations of any rights, privileges, or immunities secured by the [federal] Constitution and [federal] laws.'").

We are equally unpersuaded by Edwards' claim that Buskirk recklessly disregarded a threat to all Northampton County Prison inmates by failing to implement and enforce adequate MRSA precautions, because Buskirk had enhanced the prison's MRSA precautions in 2009, prior to Edwards' detention, by consulting a sanitation expert and upgrading the laundry system, and instituting manufacturer inspections of laundry, kitchen, heating, and cooling equipment.

Edwards' conditions of confinement claims against the remaining Northampton defendants are equally without merit and were appropriately disposed of by the District Court, as to Northampton County, see, e.g., Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978) (finding municipality liable under § 1983 only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts

7

or acts may fairly be said to represent official policy, inflicts the injury"); Northampton County Counsel Members and Northampton County Executive (Edwards failed to identify defendants and demonstrate that they acted with indifference); and Northampton County Prison, see, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding prison not a "person" subject to suit under § 1983). No reasonable jury, after considering the evidence of record, could conclude that the Northampton defendants knew of or acted with "deliberate indifference" to conditions of Edwards' confinement. See Farmer, 511 US. at 847. Thus, the District Court properly granted summary judgment on these claims.

## II.

Because Edwards is a pretrial detainee, his claim for inadequate medical care is also adjudicated under the Due Process Clause of the Fourteenth Amendment. See Hubbard, 399 F.3d at 166. However, "we determined that pretrial detainees are entitled to at least as much protection as convicted prisoners and that decisions interpreting the Eighth Amendment serve as 'useful analogies.'" Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987) (quoting Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976)); see also Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (finding "no reason to apply a different standard than that set forth in Estelle (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment)"); In Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.

8

1979) (concluding that "at a minimum, the 'deliberate indifference' standard of <u>Estelle v.</u> <u>Gamble</u>, must be met" at an institution housing pretrial detainees).

The standard established in <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), requires that a prisoner plead facts that demonstrate "deliberate indifference to serious medical needs." Deliberate indifference requires the "unnecessary and wanton infliction of pain." <u>Id.</u> at 104 (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976)). Negligence and malpractice do not constitute Eighth Amendment violations. <u>See</u> <u>id.</u> at 105-06. Moreover, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." <u>United</u> <u>States ex rel. Walker v. Fayette County</u>, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted); <u>see</u> <u>also</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004).

Here, Edwards' allegations make it clear that he received some medical treatment. As the District Court aptly noted, the undisputed medical record shows that the medical defendants tailored Edwards' treatment to the symptoms he was displaying at the time, pursuant to their professional judgment. For example, Mroz noted that the wound was "resolving" shortly before medical isolation was discontinued on October 28, 2010. She also noted "excellent healing" prior to the order for dressing changes expired on April 22, 2011. In June 2011, after Edwards' MRSA resurfaced, the medical team promptly

9

followed up with additional medications, requested x-rays, and moved Edwards to the medical unit. Gessner examined Edwards several times, prescribed antibiotics, and referred him to an outside doctor after surgery.[1]

We agree with the District Court that neither Edwards' disagreement with this treatment nor its alleged inadequacy raises an inference of deliberate indifference. See, e.g., Estelle, 429 U.S. at 107 (explaining that "[a] medical decision not to order [a diagnostic test] does not represent cruel and unusual punishment" because, at most, it constitutes malpractice). Edwards has offered no evidence from which a reasonable juror could conclude that the defendants intentionally refused to provide needed treatment, delayed necessary treatment for a non-medical reason, prevented Edwards from receiving needed or recommended treatment, or persisted in a particular course of treatment "in the face of resultant pain and risk of permanent injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (quoting White v. Napoleon, 897 F.2d 103, 109-11 (3d Cir. 1990)). Accordingly, Edward's Eighth Amendment deliberate indifference claim fails on the merits.

III.

---

[1] Moreover, the District Court properly concluded that Edwards failed to provide how the remaining medical defendants played any role in treating him or supervising the medical decisions of those who did, or that PrimeCare had any policy or custom to deprive prisoners of adequate healthcare in violation of their constitutional rights.

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's orders granting summary judgment to the defendants.