NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2115
_____

SYED AFIR JAFFERY, M.D.,
                                    Appellant

v.

THE ATLANTIC COUNTY PROSECUTOR'S OFFICE;
JAMES P. MCCLAIN, individually and in his capacity as the Atlantic County
Prosecutor; DANIELLE S. BUCKLEY; individually, and in her capacity as
Assistant Atlantic County Prosecutor; EGG HARBOR CITY POLICE
DEPARTMENT; RAYMOND DAVIS, Individually and as Chief of the Egg Harbor
Police Department; DETECTIVE HEATHER STUMPF

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-06937)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2017

Before: AMBRO, VANASKIE, and SCIRICA, Circuit Judges

(Filed: June 19, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Appellant Syed Afir Jaffery is under indictment in the Superior Court of New Jersey, Atlantic County, on charges arising out of alleged sexual misconduct towards patients at his neurology practice. Jaffery filed suit under 42 U.S.C. §§ 1983 and 1988 against New Jersey prosecutors and police officers in the United States District Court for the District of New Jersey alleging violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and seeking damages and an injunction against further prosecution. The District Court granted defendants' motion to dismiss on the ground of *Younger* abstention. We will affirm.[1]

## I.

Jaffery is a licensed physician who practiced neurology in Egg Harbor, New Jersey. In December 2014, several of Jaffery's patients informed the Egg Harbor Township Police Department that Jaffery touched them inappropriately during medical exams. On December 23, 2014, Egg Harbor Police Detective Heather Stumpf filed Complaints based on the allegations of three of Jaffery's former patients, and a New Jersey state judge found probable cause and issued warrants for Jaffery's arrest. Jaffery was arrested the same day at his medical offices. On February 25, 2015, thirty-two additional Complaints were issued based on incidents with numerous other patients. The Complaints charged Jaffery with various crimes, including aggravated criminal sexual contact, harassment, lewdness, and sexual assault.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's *Younger* abstention order under 28 U.S.C. § 1291. *Lui v. Comm'n on Adult Entertainment Establishments*, 369 F.3d 319, 325 (3d Cir. 2004).

On September 17, 2015, prior to issuance of an indictment, Jaffery filed a complaint in the United States District Court for the District of New Jersey against the Atlantic County Prosecutor's Office, the Atlantic County Prosecutor James P. McClain, Assistant Atlantic County Prosecutor Danielle S. Buckley, the Egg Harbor Police Department, Egg Harbor Police Chief Raymond Davis, and Egg Harbor Detective Heather Stumpf. Jaffery asserted claims under 42 U.S.C. §§ 1983 and 1988 and alleged the ongoing criminal investigation and prosecution violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jaffery sought compensatory and punitive damages, and an injunction against further prosecution.

On September 18, 2015, Jaffery sought an *ex parte* temporary restraining order against defendants. The District Judge declined to issue the temporary restraining order based on *Younger* abstention. Jaffery subsequently filed an Amended Complaint and a motion for a preliminary injunction against defendants.

In the New Jersey criminal action, on September 30, 2015, an Atlantic County grand jury returned a nineteen-count indictment against Jaffery, including eighteen counts of fourth degree criminal sexual contact, in violation of N.J. Stat. Ann. § 2C:14-3(b), and one count of second degree sexual assault, in violation of N.J. Stat. Ann. § 2C:14-2(c)(1).[2] The indictment was based on nineteen alleged incidents with eighteen different victims.

After issuance of the indictment in the state action, defendants in the federal action

---

[2] Following a three-week jury trial, on July 25, 2016, Jaffery was acquitted on the charges in the indictment relating to his conduct with one patient. The remaining charges of the indictment are pending and have not yet been tried.

3

filed a motion to dismiss plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) on grounds of *Younger* abstention. On April 8, 2016, the District Judge issued a Memorandum and Order denying plaintiff's motion for a preliminary injunction and granting defendants' motion to dismiss the Amended Complaint on grounds of *Younger* abstention. Jaffery filed this timely appeal.

## II.

Under *Younger v. Harris*, federal courts may abstain in certain circumstances from exercising jurisdiction over a claim where resolution of the claim would interfere with an ongoing state criminal proceeding. 401 U.S. 37 (1971). We exercise plenary review over the legal determination of whether the requirements for abstention have been met, and if those requirements are met, we review the district court's decision to abstain for an abuse of discretion. *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005).

Under *Younger*, "federal courts should abstain from enjoining state criminal prosecutions because of principles of comity and federalism, unless certain extraordinary circumstances exist." *Marran v. Marran*, 376 F.3d 143, 154 (3d Cir. 2004). *Younger* abstention is appropriate if "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). If these three requirements are met, abstention may nonetheless be inappropriate if the federal plaintiff can establish: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some

4

other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential of irreparable harm to the federal interests asserted." *Id.*

The District Court correctly concluded the three requirements for *Younger* abstention are met in this case. There are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to raise federal constitutional defenses to prosecution. *See Younger*, 401 U.S. at 51–52.

Jaffery argues *Younger* abstention is nonetheless inappropriate because the state prosecution is being undertaken in bad faith and without probable cause. "'Bad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975); *see also Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995) ("Three factors that courts have considered in determining whether a prosecution is commenced in bad faith or to harass are: (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation of the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." (citations omitted)). Jaffery argues this standard is met because (1) the investigating

5

detective did not consult with a medical expert prior to bringing criminal charges, (2) Jaffery was acquitted on two of the charges of the indictment involving one of the alleged victims following trial, and (3) some witnesses made allegedly racially-biased comments in interviews with the police.

The District Court correctly concluded Jaffery's allegations, taken as true, do not demonstrate the state prosecution was undertaken in bad faith. Jaffery disputes the quality of the state's evidence supporting the criminal prosecution, but has not demonstrated there is no reasonable expectation of obtaining a valid conviction. *See Kugler*, 421 U.S. at 126 n.6. Jaffery cites no authority for a constitutional requirement that police and prosecutors retain a medical expert prior to prosecuting a doctor for allegedly criminal actions that occur in the course of medical treatment.[3] Moreover, Jaffery's acquittal on some charges does not rise to the level of demonstrating multiple unjustified and oppressive unsuccessful prosecutions. Finally, the witness statements identified by Jaffery alone do not demonstrate the police and the prosecutors in this case are prosecuting him because of his race, rather than because of his alleged conduct.

Alternatively, Jaffery argues extraordinary circumstances warranting federal intervention exist because he was unable to raise his federal constitutional claims in state court prior to trial. The District Court correctly determined Jaffery had failed to demonstrate any procedural bar to raising his federal claims and defenses in the state court proceeding. "[O]rdinarily a pending state prosecution provides the accused a fair

---

[3] Jaffery's reliance on N.J. Stat. Ann. § 2A:53A-27, which requires an affidavit of merit in medical malpractice actions, is misplaced. We decline to apply this statute, which expressly applies only to civil tort claims, in a criminal context.

and sufficient opportunity for vindication of federal constitutional rights." *Kugler*, 421 U.S. at 124. Jaffery has not shown the state court is "incapable of fairly and fully adjudicating the federal issues," *see Kugler*, 421 U.S. at 124, as most of the charges against Jaffery have not been tried, nor has Jaffery exhausted his state rights of appeal. In addition, to the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

## III.

For the foregoing reasons and those provided in the District Court's opinion, we will affirm the dismissal of Jaffery's complaint on *Younger* abstention grounds. In light of this decision, we do not reach Jaffery's remaining arguments regarding his motion for partial summary judgment and motion for a preliminary injunction.