UNITED STATES DISTRICT COURT 
 EASTERN DISTRICT OF PENNSYLVANIA 

CHRISTOPHER YOUST, : 
Plaintiff, : 
 : 
v. : CIVIL ACTION NO. 23-cv-0848 
 : 
BRUCE ROTH, et al., : 
Defendants. : 

 MEMORANDUM 
Joseph F. Leeson, Jr. June 5, 2023 
United States District Judge 

Pro se Plaintiff Christopher Youst brings this action pursuant to 42 U.S.C. §§ 1981, 
1983, 1985, 1986, and 1988 for violations of his civil rights. Currently before the Court are 
Youst’s Motion for Leave to Proceed In Forma Pauperis (ECF No. 1) and his Complaint (ECF 
No. 2). Because it appears that Youst is unable to afford to pay the filing fee, the Court will 
grant him leave to proceed in forma pauperis. For the following reasons, all claims asserted in 
the Complaint with the exception of Youst’s § 1983 claim for money damages against Defendant 
Officer Ryan Yoder will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) 
and (ii). The claim against Yoder will be stayed pending resolution of Youst’s state court 
criminal charges. 
I. FACTUAL ALLEGATIONS1 
The Complaint in this case is lengthy (219 pages) and extensive. Youst contends that his 
constitutional rights were violated as a result of a wide-ranging conspiracy involving police 

1 The facts set forth in this Memorandum are taken from the Complaint (ECF No. 2), as well as 
the Exhibits (ECF No. 2-1) and “Complaint/Affidavit” (ECF No. 2-2) attached thereto. The 
Court will deem the entire submission to constitute Youst’s Complaint and adopt the pagination 
officers, prosecutors, defense attorneys, judges, and court officials designed to convict him of 
various criminal charges over a twelve-year (12) period. (Compl. Aff. at 1-62.) Youst names 
approximately twenty-nine (29) Defendants including but not limited to, individual police 
officers who arrested him, district attorneys who prosecuted him, lawyers who defended him, 
and judges who presided over his criminal cases in state court. (Id. at 31-174; see also Compl. 2-

3.) Most of Youst’s factual allegations are best described as a step-by-step, chronological 
recitation of the events surrounding each of his various arrests and the criminal justice 
proceedings that followed in the Lancaster County Court of Common Pleas beginning with his 
August 3, 2010 arrest and continuing through his August 23, 2022 arrest.2 (Compl. Aff. at 1-30.) 
Youst’s additional factual allegations set forth a similar recitation of events with respect to: (1) 
grievances he filed while incarcerated at Lancaster County Prison, (see id. at 20, 27-28) and (2) 
misconduct reports issued to Youst during his incarceration and events relating to those reports.3 
(See id. at 20-22, 25, 27-28.) 
More recently, Youst alleges that the Honorable Thomas Sponaugle conducted a bench 

trial in Commonwealth v. Youst, CP-36-CR-00004162-2018, (C.P. Lancaster) (hereinafter, “2018 
Criminal Matter – 4162”) on August 18, 2021. (Id. at 29.) Youst asserts that his defense 
counsel, Dennis Dougherty withdrew his representation “during trial” and that Youst’s request 
for a postponement was denied. (Id.) Youst claims that the 2018 Criminal Matter – 4162 

supplied by the CM/ECF docketing system to the Complaint, the Exhibits, and the 
Complaint/Affidavit (“Comp. Aff.”). 
2 For example, Youst alleges the dates when bench warrants were issued, when police officers 
applied for search warrants and the detailed scope of those warrants, when continuances were 
issued in his criminal proceedings, when various charges were filed against him, when attorneys 
filed various motions in his cases, and how various judges ruled on those motions. (Id.) 

3 To the extent additional factual allegations by Youst are relevant to certain claims, those 
allegations are set forth in the Court’s analysis of those specific claims throughout this 
Memorandum. 
proceeded to trial and “he was found guilty.” (Id.) Judge Sponaugle subsequently sentenced 
Youst to thirty (30) days in Lancaster County Prison on or about October 7, 2021. (Id.) Youst 
was released early for good behavior on November 1, 2021 and permitted to “serve out the rest 
of his Sentence on county parole.” (Id.) Youst claims that on December 30, 2021, a bench 
warrant issued for Youst in the 2018 Criminal Matter – 4162, and he was arrested several months 

later, on May 8, 2022, by East Lampeter Police Department on that warrant and transported to 
Lancaster County Prison. (Id.) The Honorable Margaret C. Miller held a parole violation 
hearing on June 2, 2022 and denied Lancaster County Probation and Parole’s request to require 
Youst to serve an additional sixty-five (65) days in prison and “max out” the sentence originally 
issued by Judge Sponaugle. (Id. at 29-30.) Youst was released from Lancaster County Prison on 
June 2, 2022. (Id. at 30.) 
Youst alleges that on August 13, 2022 between 2:00 and 3:00 a.m. Defendant Officer 
Ryan Yoder “harassed and arrested” Youst and charged him with “false identification to law 
enforcement.” (Id.) Youst was then transported to the Lancaster City Police Department for 

fingerprinting before he was taken to Lancaster County Prison. (Id.) Youst subsequently 
attended a preliminary hearing before Magisterial District Judge Mary Sponaugle on August 23, 
2022, but Defendant Yoder was not present so Youst was released on unsecured bail and the 
preliminary hearing was rescheduled for August 29, 2022. (Id.) Youst claims that he was 
informed that a failure to attend the August 29, 2022 preliminary hearing would result in a 
warrant being issued and a high bail being set.4 (Id.) Youst alleges that he “left Pennsylvania” 

4 It appears that the August 29, 2022 preliminary hearing was continued to September 14, 2022, 
and that a bench warrant issued for Youst’s arrest after he failed to appear. See Commonwealth 
v. Youst, MJ-02101-CR-0000392-2022 (C.P. Lancaster); Commonwealth v. Youst, CP-36-CR-
0003924-2022 (C.P. Lancaster). Youst also claims that he was charged on September 7, 2022 
with tampering with property by Lancaster City Police for an unspecified incident that occurred 
on September 7, 2022 “in fear of his life[.]” (Id.) Youst seeks several forms of relief based on 
the allegations of the Complaint. Youst asks the Court to quash the arrest warrants in the 
following cases currently pending in the Lancaster County Court of Common Pleas: (1) 
Commonwealth v. Youst, CP-36-CR-0003924-2022 (false identification to law enforcement); (2) 
Commonwealth v. Youst, CP-36-CR-0002082-2022 (possession of a controlled substance and 

drug paraphernalia); and (3) Commonwealth v. Youst, MJ-02204-NT-0000541-2022 . (Id. at 
182-83.) Youst also seeks monetary damages for the time he spent incarcerated “unlawfully” at 
Lancaster County Prison for specific dates in 2017, 2018, 2019, 2021, and 2022. (Id. at 183.) 
Youst further asks the Court to grant him “full exoneration and acquit[] him of all charges filed 
by the local government officials from the time of September 21, 2017, to current, as well as a 
full expungement of his criminal record concerning cases filed in the County of Lancaster 
Pennsylvania.” (Id.) Youst further requests that the Court issue an injunction “directing the 
local police, state police, and any other agency or law enforcement departments in the state of 
Pennsylvania to destroy any and all criminal records, finger prints [sic], DNA records and any 

other reports and files associated with law enforcement obtained from any past or ongoing 
investigations of [Youst].” (Id. at 184.) Moving forward Youst also seeks to enjoin “law 
enforcement authorities in Lancaster County Pennsylvania and all other authorities in connection 
with Lancaster County Law enforcement to refrain from harassing, stalking, and investigating 
him due to any evidence derived from the incidents stated within his complaint[.]” (Id.) Finally, 
Youst requests reinstatement of his Class-A Commercial Driver’s License and punitive damages. 
(Id. at 184-85.) 

on August 27, 2022. See Commonwealth v. Youst, MJ-02204-NT-0000541-2022 (C.P. 
Lancaster). 
II. STANDARD OF REVIEW 
The Court will grant Youst leave to proceed in forma pauperis because it appears that he 
is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 
1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous or fails to state a 
claim. A complaint is frivolous under § 1915(e)(2)(B)(i) if it “lacks an arguable basis either in 

law or in fact.” Neitzke v. Williams, 490 U.S. 319, 325 (1989). The use of the term “frivolous” 
in § 1915 “embraces not only the inarguable legal conclusion, but also the fanciful factual 
allegation.” Id. A claim is legally baseless if it is “based on an indisputably meritless legal 
theory.” Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails 
to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions 
to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 
F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint 
contains “sufficient factual matter, accepted as true, to state a claim to relief that is plausible on 
its face.” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). “At this early stage 

of the litigation,’ ‘[the Court will] accept the facts alleged in [the pro se] complaint as true,’ 
‘draw[] all reasonable inferences in [the plaintiff’s] favor,’ and ‘ask only whether [that] 
complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.’” 
Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 
768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. 
As Youst is proceeding pro se, the Court construes his allegations liberally. Vogt v. Wetzel, 8 
F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d 
Cir. 2013)). 
III. DISCUSSION 
Youst seeks to bring claims for violations of his civil rights pursuant to §§ 1981, 1983, 
1985, 1986, and 1988. He also asserts claims under various state and federal criminal statutes. 

The Court addresses Youst’s claims in turn. 
A. Claims Brought Pursuant to Federal Criminal Statutes 
Youst alleges that various Defendants violated the following federal criminal statutes 18 
U.S.C. §§ 241, 242, 373, and 1201. (See, e.g., Compl. Aff. at 32, 34, 36, 42-43, 45-46, 48-49, 
51-52, 58, 63, 66, 68, 73-74, 77, 79-80, 84-85, 89, 92, 95-96, 98, 102-103, 108-109, 115-117, 
120-122, 128, 130-131, 140-141, 143, 147-148, 151, 158-159, 163-165, 168-169, 175.) Criminal 
statutes generally do not give rise to a basis for civil liability. See Brown v. City of Philadelphia 
Off. of Human Res., 735 F. App’ x 55, 56 (3d Cir. 2018) (per curiam) (“Brown alleges that the 
defendants violated various criminal statutes, but most do not provide a private cause of 

action.”). The federal criminal statutes Youst cites establish criminal liability for certain 
deprivations of civil rights (18 U.S.C. § 241), conspiracy to deprive civil rights (18 U.S.C. § 
242), solicitation of a crime of violence (18 U.S.C. § 373), and felony kidnapping (18 U.S.C § 
1201). 
However, Sections 241, 242, 373, and 1201 do not provide a basis for private right of 
action, and Youst cannot bring criminal charges through a private civil lawsuit. See, e.g., United 
States v. Philadelphia, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 
U.S.C. §§ 241 and 242); Monche v. Grill, No. 22-1516, 2022 WL 15523082, at *16 (M.D. Pa. 
Oct. 27, 2022) (“The non-prosecution of individuals who could potentially be prosecuted for 
federal crimes (even crimes committed against Plaintiff) does not violate Plaintiff’s rights. 
Plaintiff does not identify a private right of action conferred by these sections. Therefore, 
Plaintiff does not state a claim under . . . sections [241, 242, 1201] of the United States Code.”); 
Abney v. Dolgencorp, L.L.C., No. 20-10415, 2021 WL 2525439, at *4 (E.D. Mich. June 21, 
2021) (denying pro se plaintiff’s motion to amend to add a claim based on 18 U.S.C. § 373 

because “Section 373 of Title 18 is a criminal statute, and it does not appear to have a civil 
component.”); El v. Perez, No. 21-96, 2021 WL 738948, at *2 (W.D. Mich. Feb. 3, 2021), report 
and recommendation adopted, 2021 WL 736401 (W.D. Mich. Feb. 25, 2021) (“Section 1201 is a 
criminal statute that does not authorize a plaintiff to bring a civil claim.”); El v. O'Brien, No. 12-
1793, 2012 WL 2367096, at *2 (E.D.N.Y. June 20, 2012) (“None of these statutes[, including 18 
U.S.C. § 373,] provide for any private right of action and, therefore, cannot form the basis of a 
valid claim by Plaintiff.”); Walthour v. Herron, No. 10-1495, 2010 WL 1877704 at *3 (E.D. Pa. 
May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, among others); 
Harnden v. Croswell-Lexington Cmty. Schs., No. 15- 12738, 2016 WL 2731188, at *2 (E.D. 

Mich. May 11, 2016) (“there is no private right of action for purported violations of the Federal 
Kidnapping Act [18 U.S.C. § 1201]”). Accordingly, Youst cannot state a plausible claim under 
any of the cited federal criminal statutes and those claims must be dismissed with prejudice 
pursuant to § 1915(e)(2)(B)(ii) as amendment would be futile. See Grayson v. Mayview State 
Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on 
screening should generally be granted “unless amendment would be inequitable or futile.”). 
B. Claims Brought Pursuant to Pennsylvania Criminal Statutes 
Youst asserts claims against multiple Defendants under various sections of the 
Pennsylvania Crimes Code, see generally 18 Cons. Stat. Ann. §§ 101, et seq., including: (a) 
Section 903 for criminal conspiracy to commit kidnapping, (see Compl. Aff. at 54, 94, 101, 119, 
127, 138, 149-50, 156-57, 162, 167); (b) Section 4103 for fraudulent destruction, removal, or 
concealment of recordable instruments, (id. at 55, 76, 91-92); (c) Section 5101 for obstructing 
the administration of law or other governmental function, (id. at 56, 60, 71, 81, 87, 92, 99, 105, 
111, 114, 125, 135, 154, 161, 163-64; (d) Section 4910 for tampering with or fabricating 

physical evidence, (id. at 57); (e) Section 2906 for criminal coercion, (id. at 57-58, 64, 72, 78, 
82, 88, 93, 100, 106, 112, 118, 126, 137, 145, 155, 161, 166, 171); (f) Section 5301 for official 
oppression, (id. at 62, 68, 74, 78-79, 82, 86, 91, 97, 104, 111, 116, 124, 133, 152-53, 160, 166, 
170); (g) Section 4902 for perjury, (id. at 69); (h) Section 4903 for false swearing, (Id. at 70); (i) 
Section 4104 for tampering with records or identification, (id. at 75); and (j) Section 2901 for 
kidnapping, (id. at 157). 
Courts routinely dismiss claims seeking to impose civil liability under various sections of 
the Pennsylvania Crimes Code finding that the “Code gives no authority for a private cause of 
action and none has been implied.” Martrano v. Quizno’s Franchise Co., No. 08-0932, 2009 

WL 1704469, at *12 (W.D. Pa. June 15, 2009) (dismissing claims brought under Pennsylvania 
penal code provisions for theft by unlawful taking, theft by deception, theft of services, and other 
criminal violations); see D’Errico v. DeFazio, 763 A.2d 424, 430 (Pa. Super. Ct. 2000) 
(concluding that plaintiffs could not seek to impose civil liability based on a criminal statute 
alone); see also Williams v. Wetzel, 827 F. App’x 158, 162 (3d Cir. 2020) (per curiam) 
(recognizing that plaintiff’s stand-alone civil claims brought pursuant to the Pennsylvania 
Crimes Code were properly rejected by the district court because there was no private right of 
action available under the Code); Gok v. Roman Catholic Church, 550 F. Supp. 3d 221, 235-36 
(E.D. Pa. 2021) (dismissing plaintiff’s “vague claims for violation of Pennsylvania’s criminal 
code” and finding that “these statutory crimes do not create a private cause of action”); Grande 
v. Starbucks Corp., No. 18-4036, 2019 WL 1455445, at *4 (E.D. Pa. Apr. 2, 2019) (finding that 
plaintiff’s “causes of action . . . predicated on violations of Pennsylvania’s criminal and 
administrative codes” could not “support or form the basis” of his claims because those 
“provisions do not include a private cause of action”). 

None of the criminal statutes Youst cites provide for a private right of action, nor do they 
contain anything in their language or structure implying that the Pennsylvania legislature 
intended to create one. See, e.g., Stacey v. City of Hermitage, 178 F. App’x 94, 101 (3d Cir. 
2006) (per curiam) (affirming dismissal of private cause of action for violation of Pennsylvania 
criminal statutes, including inter alia, 18 Pa. Cons. Stat. § 4910, which prohibits tampering with 
physical evidence); Gibson v. Erickson, No. 19-357, 2020 WL 1866453, at *3 (W.D. Pa. Mar. 
25, 2020), report and recommendation adopted, 2020 WL 1866646 (W.D. Pa. Apr. 14, 2020) 
(recognizing there is no private right of action under 18 Pa. C.S. §§ 903 (criminal conspiracy), 
4104 (tampering with records), and 5301 (official oppression)); Booze v. Wetzel, No. 12-01307, 

2017 WL 2991801, at *11 (M.D. Pa. May 25, 2017), report and recommendation adopted, 2017 
WL 2985108 (M.D. Pa. July 13, 2017) (concluding that violations of Pennsylvania’s criminal 
coercion statute, § 2906, and official oppression statute, § 5301, were not actionable under § 
1983 and failed as a matter of law since the statutes did not give rise to civil liability); Simpson v. 
City of Coatesville, No. 12-4803, 2015 WL 7251546, at *5-6 (E.D. Pa. Nov. 17, 2015) (declining 
to find a private cause of action to impost civil liability for § 4902 (perjury), § 4903 (false 
swearing), and § 2906(a) (criminal coercion) among others); Sarpolis v. Tereshko, 26 F. Supp. 
3d 407, 418 (E.D. Pa. 2014) (finding no private cause of action for perjury pursuant to § 4902); 
Bane v. City of Philadelphia, No. 09-2798, 2009 WL 6614992, at *12 n.15 (E.D. Pa. June 18, 
2010) (“In Pennsylvania, the offense of kidnapping set forth in 18 P.C. § 2901, et seq., does not 
create a private right of action.”); Demeter v. City of Bethlehem, No. 03-6825, 2004 WL 614779, 
at *4 (E.D. Pa. Feb. 13, 2004) (dismissing official oppression claim under § 5301 brought by pro 
se plaintiff for failure to state a claim because “Pennsylvania law does not recognize a private 
cause of action for official oppression”); Barnes v. City of Coatesville, No. 93-1444, 1993 WL 

259329, at *6 (E.D. Pa. June 28, 1993) aff’d, 60 F.3d 813 (3d Cir. 1995) (“There are no private 
causes of action for official oppression and false swearing to authorities under Pennsylvania 
law.”); see also D’Errico v. DeFazio, 763 A.2d 424, 430 (Pa. Super. Ct. 2000) (declining to 
imply a private right of action for official oppression under § 5301); cf. Filby v. Colebrookdale 
Twp., No. 312 C.D. 2018, 2018 WL 5533989, at *3 (Pa. Commw. Ct. Oct. 30, 2018) (“Our 
appellate courts have determined that the crime of official oppression cannot be the basis for 
civil liability against public officials.”); Minnich v. Yost, 817 A.2d 538 (Pa. Super. Ct. 2003) 
(stating § 4103 does not create a private cause of action). Because Youst cannot state a plausible 
claim under any of the cited Pennsylvania criminal statutes,5 and those claims must be dismissed 
with prejudice pursuant to § 1915(e)(2)(B)(ii) as amendment would be futile.6 

5 The other statute Youst cites, § 5101 making it a crime in Pennsylvania to obstruct the 
administration of law or other governmental function also fails to expressly provide for a private 
cause of action and there is no basis upon which to imply that one exists. See Alfred M. Lutheran 
Distributors, Inc. v. A.P. Weilersbacher, Inc., 650 A.2d 83, 87 (Pa. Super. Ct. 1994) (explaining 
that courts look to: (1) whether the statute creates a right in favor of the plaintiff; (2) whether 
there is an indication of legislative intent to create or deny a civil remedy; and (3) whether such a 
remedy is consistent with the underlying purposes of the legislative scheme). 

6 Throughout Youst’s Complaint he asserts that conduct by nearly every Defendants violated his 
rights under various Sections of Article 1 of the Pennsylvania Constitution. (See, e.g., Compl. 
Aff. at 32-95, 103-131, 133, 135-136, 138.) These claims must also be dismissed with prejudice 
as legally frivolous pursuant to § 1915(e)(2)(B)(i) because there is no private right of action for 
damages under the Pennsylvania Constitution. See Plouffe v. Cevallos, 777 F. App’x 594, 601 
(3d Cir. 2019) (“[N]or is there a private right of action for damages under the Pennsylvania 
Constitution”); Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App’x 
C. Claims Brought Pursuant to § 1981 
Youst cites 42 U.S.C. § 1981 as the basis for a claim against approximately twenty (20) 
Defendants alleging broadly that these Defendants: 
 deprived . . . Youst of specific rights including but not limited to the 
 right to be secure against unreasonable searches and seizures, the right 
 to not be deprived of life, liberty or property without due process of 
 law, the right to enjoy a speedy and public trial by an impartial jury, 
 the right to be confronted with witnesses against him, the right to 
 compulsory process for obtaining witnesses in his favor, the right to 
 have Assistance of Counsel for his defense, the right to Inspect 
 evidence, the right to not have excessive bail imposed against him, the 
 right to not have cruel and unusual punishments inflicted upon him, 
 the right to the equal protections of the law, the right to be heard by 
 himself, the right to demand the nature and cause of the accusations 
 against him, [and] the right to equality despite his race or ethnicity. 
 Every person or entity named herein had a partaking in the conspiracy 
 to deprive . . . Youst of rights that are enforced by the United States 
 Constitution as well as the Constitution of Pennsylvania. 

(See Compl. Aff. at 175.) 
A plaintiff asserting a claim under § 1981 “must allege facts in support of the following 
elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the 
basis of race by the defendant; and (3) discrimination concerning one or more of the activities 
enumerated in the statute[,] which includes the right to make and enforce contracts.”7 Brown v. 

681, 687 (3d Cir. 2011) (“No Pennsylvania statute establishes, and no Pennsylvania court has 
recognized, a private cause of action for damages under the Pennsylvania Constitution.”). 

7 Section 1981 provides that: 

 All persons within the jurisdiction of the United States shall have the same right in every 
 State and Territory to make and enforce contracts, to sue, be parties, give evidence, and 
 to the full and equal benefit of all laws and proceedings for the security of persons and 
 property as is enjoyed by white citizens, and shall be subject to like punishment, pains, 
 penalties, taxes, licenses, and exactions of every kind, and to no other. 
Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001) (alterations in original) (quoting Yelverton 
v. Lehman, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), aff’d. mem., 175 F.3d 
1012 (3d Cir. 1999)). Youst fails to set forth a plausible claim under § 1981. 
Youst does not allege that he is a member of a racial minority. Youst only alleges in 
broad, conclusory terms that Defendants deprived him of “the right to equality despite his race or 

ethnicity.” (Compl. Aff. at 175.) Youst does not offer facts to support his conclusory allegation 
of generalized racial bias by any Defendant, nor does he allege that he was subjected to racial 
discrimination.8 Youst’s conclusory and generalized allegations of racial bias are insufficient to 
satisfy the elements of a claim under § 1981. See Spence v. Caputo, No. 12-1077, 2015 WL 
630294, at *27 (W.D. Pa. Feb. 12, 2015) (dismissing § 1981 and § 1982 claims because 
plaintiff’s claims were mere speculation and did not allege which of the enumerated rights under 
these sections were allegedly violated, which defendants were involved, the dates that any 
violations occurred, nor were facts alleged to show that any deprivation of the enumerated rights 
was racially motivated); see also Davis v. Samuels, 962 F.3d 105, 115-16 (3d Cir. 2020) 

(affirming dismissal on the merits of plaintiff’s § 1981 claim against federal defendants for 
failure to state a plausible claim of race discrimination). Even if Youst had sufficiently alleged 
an intentional act of discrimination based on his race, his § 1981 claim still fails because there is 
no plausible allegation that the discrimination concerned one or more of the activities 
enumerated in the statute, namely making or enforcing contracts, or the ability to bring or defend 
a lawsuit, or give evidence. Accordingly, Youst has failed to state a plausible claim under § 

42 U.S.C § 1981. This Reconstruction-era statute, along with several others, was enacted to 
effectuate the aims of the Thirteenth and Fourteenth Amendments to the Constitution. Brown v. 
Philip Morris Inc., 250 F.3d 789, 796-97 (3d Cir. 2001) 

8 Youst’s Complaint does not contain the words “discrimination” or “discriminate.” 
1981. This claim will be dismissed with prejudice as any attempt to amend would be futile given 
the absence of any connection to one or more of the enumerated activities. 
D. Conspiracy Claims Brought Pursuant to §§ 1985 and 1986 
Youst also asserts claims pursuant to §§ 1985 and 1986. (Compl. Aff. at 175-178.) 
Section § 1985(2), “prohibits conspiracies to retaliate against parties or witnesses in any United 

States Court[.]” Kane v. Chester Cnty., 811 F. App’x 65, 71 (3d Cir. 2020); see also Stankowski 
v. Farley, 251 F. App’x 743, 747 n.1 (3d Cir. 2007) (per curiam) (“Section 1985(2) prohibits 
conspiracies to prevent witnesses from testifying in court, injuring witness who have testified, or 
attempting to influence or injure grand or petit jurors.”). To allege a plausible claim under § 
1985(2), the plaintiff must allege “(1) a conspiracy between two or more persons (2) to deter a 
witness by force, intimidation or threat from attending court or testifying freely in any pending 
matter, which (3) results in injury to the plaintiffs.” See Rode v. Dellarciprete, 845 F.2d 1195, 
1207 (3d Cir. 1988) (quotations omitted). 
Section 1985(3) creates a cause of action against persons who “conspire . . . for the 

purpose of depriving, either directly or indirectly, any person or class of persons of the equal 
protection of the laws, or of equal privileges and immunities under the laws. . . .” 42 U.S.C. § 
1985(3). To state a plausible claim under § 1985(3), a plaintiff must allege the following 
elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus 
designed to deprive, directly or indirectly, any person or class of persons of the equal protection 
of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or 
the deprivation of any right or privilege of a citizen of the United States. Lake v. Arnold, 112 
F.3d 682, 685 (3d Cir. 1997). Significantly, “‘[t]he [statutory] language requiring intent to 
deprive of equal protection . . . means that there must be some racial . . . invidiously 
discriminatory animus behind the conspirators’ action.’” United Bhd. of Carpenters & Joiners of 
Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 835 (1983) (quoting Griffin v. Breckenridge, 
403 U.S. 88, 102 (1971). Moreover, a plaintiff must allege specific facts to sustain a § 1985(3) 
claim: 
With near unanimity, the courts have rejected complaints containing mere 
conclusory allegations of deprivations of constitutional rights protected under § 
1985(3). A conspiracy claim based upon § 1985(3) requires a clear showing of 
invidious, purposeful and intentional discrimination between classes or 
individuals. 

Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972); see also Grigsby v. Kane, 250 F. Supp. 
2d 453, 458 (M.D. Pa. 2003) (“[O]nly allegations which are particularized, such as those 
addressing the period of the conspiracy, the object of the conspiracy, and actions taken in 
furtherance of the conspiracy, will be deemed sufficient.”) 
A plaintiff bringing a claim under § 1985 must also allege the elements of a conspiracy. 
“[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a 
conspiratorial agreement can be inferred.” Great W. Mining & Mineral Co. v. Fox Rothschild 
LLP, 615 F.3d 159, 178 (3d Cir. 2010). “[A] bare assertion of conspiracy will not suffice.” Bell 
Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). “‘A conspiracy cannot be found from 
allegations of judicial error, ex parte communications (the manner of occurrence and substance 
of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to 
commit the alleged improper actions.’” Capogrosso v. The Supreme Court of New Jersey, 588 
F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1480-
81 (10th Cir. 1990)). Moreover, “[Section] 1986 constitutes an additional safeguard for those 
rights protected under 42 U.S.C. § 1985, and ‘transgressions of § 1986 by definition depend on a 
preexisting violation of § 1985.” Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting 
Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980)). In other words, “to maintain a cause 
of action under § 1986, the plaintiffs must show the existence of a § 1985 conspiracy.” Id. at 
1295 n.5. 
Youst does not allege a plausible claim under either § 1985(2) or § 1985(3). Youst fails 
to allege a factual basis for a claim that any Defendants conspired to intimidate witnesses from 

testifying in any of Youst’s many criminal proceedings from 2010 to the present. Accordingly, 
the Court will dismiss Youst’s § 1985(2) claim as legally baseless pursuant to § 1915(e)(2)(B)(i). 
Youst has also failed to allege sufficient facts regarding the formation of a conspiracy between 
any of the Defendants. Youst’s allegations lack any factual particularity regarding the period 
and the object of the conspiracy, or actions taken in furtherance of the conspiracy. See Grigsby, 
250 F. Supp. 2d at 458. Youst only makes allegations of a far-reaching conspiracy among two 
police departments, four police officers, four assistant district attorneys, three defense attorneys, 
seventeen state court judges, and the clerk of court that spanned more than twelve years. These 
allegations are conclusory and lack the factual specificity required to allege a plausible 

conspiracy under § 1985(3). Even if the Court were to credit Youst’s conclusory allegations that 
multiple Defendants conspired together to get him arrested and convicted between 2010 and 
2022, he fails to allege plausibly that racial animus motived any such conspiracy. Accordingly, 
because he does not allege a conspiracy motivated by a racial or class based discriminatory 
animus, Youst fails to state a plausible claim under § 1985 and all such claims will be dismissed 
pursuant to § 1915(e)(2)(B)(ii). Accord Balthazar v. Atl. City Med. Ctr., 279 F. Supp. 2d 574, 
592 (D.N.J. 2003), aff’d, 137 F. App’x 482 (3d Cir. 2005) (dismissing § 1985 conspiracy claim 
for failure to state a claim where plaintiff, an indigent, African-American woman, asserted that a 
medical center and several doctors conspired to deprive her of her Medicaid benefits because she 
did “not provide a factual basis for her claims that the alleged conspiracy was motivated by 
‘racial . . . or otherwise class-based’ animus.”). 
Because Youst has failed to allege the existence of a § 1985 conspiracy motivated by a 
racial or class based discriminatory animus, he also cannot maintain a plausible § 1986 claim and 
this claim will similarly be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. 

As it appears that any attempt to amend his §§ 1985 or 1986 claims would be futile, these claims 
will be dismissed with prejudice. 
E. Claims Brought Pursuant to 42 U.S.C. § 1988 
Youst also seeks to assert a claim under 42 U.S.C. § 1988. (Compl. Aff. at 175, 178-
179.) Section 1988(b) provides in pertinent part that “[i]n any action or proceeding to enforce a 
provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 . . . the court, in its discretion, 
may allow the prevailing party . . . a reasonable attorney’s fee as part of the costs[.]” 42 U.S.C. § 
1988(b). Youst’s attempt to bring a claim pursuant to § 1988 in this case fails because § 1988 
does not authorize an independent cause of action. See Moor v. County of Alameda, 411 U.S. 

693, 702 (1973) (recognizing that Section 1988 does not create an independent federal cause of 
action and noting that it was “intended to complement the various acts which do create federal 
causes of action for the violation of federal civil rights.”). Furthermore, Youst has failed to 
allege a plausible claim under either §§ 1981, 1983, 9 1985, or 1986 and “in the absence of 
another, viable civil rights claim, [Youst] may not sue for a violation of Section 1988 alone.” 
Banks v. Owens, No. 17-5423, 2018 WL 6249709, at *6 (E.D. Pa. Nov. 29, 2018). Finally, even 
if Youst had alleged a plausible civil rights claim, he would still not be entitled to recover 

9 As set forth more fully below in Section III., F., Youst does not allege a viable civil rights 
claim under § 1983. 
reasonable attorney’s fees under § 1988, because he is a non-lawyer, pro se litigant. See Pitts v. 
Vaughn, 679 F.2d 311, 313 (3d Cir. 1982) (holding that § 1988 “does not entitle a non-lawyer, 
pro se litigant to attorney’s fees”). Accordingly, any claim under § 1988 is dismissed with 
prejudice. 
F. Claims Brought Pursuant to 42 U.S.C. § 1983 

42 U.S.C. § 1983 is the vehicle by which federal constitutional claims may be brought in 
federal court. “To state a claim under § 1983, a plaintiff must allege the violation of a right 
secured by the Constitution and laws of the United States, and must show that the alleged 
deprivation was committed by a person acting under color of state law.” West v. Atkins, 487 U.S. 
42, 48 (1988). Additionally, a “defendant in a civil rights action must have personal involvement 
in the alleged wrongs.” See Rode, 845 F.2d at 1207. Moreover, “[b]ecause vicarious liability is 
inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, 
through the official’s own individual actions, has violated the Constitution.” Iqbal, 556 U.S. at 
676. 

 1. Claims Barred by the Statute of Limitations 
Youst includes detailed factual allegations with respect to: (a) his arrest on August 3, 
2010 and subsequent new arrests and charges brought against him in 2012, 2013, 2014, 2017, 
2018, 2019, and 2020; (b) actions taken by law enforcement stemming from these arrests and 
charges, including but not limited to, investigatory actions such as obtaining and executing 
search and arrest warrants; (c) conduct by judges, prosecutors, defense counsel, and other court 
officials in numerous criminal proceedings brought against Youst in the Lancaster County Court 
of Common Pleas arising from these arrests and charges; and (d) events that occurred while he 
was incarcerated at Lancaster County Prison in 2018, 2019, and 2020. (Compl. Aff. at 1-28.) 
“A complaint is subject to dismissal for failure to state a claim on statute of limitations 
grounds only when the statute of limitations defense is apparent on the face of the complaint.” 
Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is 

governed by the limitations period applicable to personal injury actions of the state where the 
cause of action arose. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Pennsylvania’s two-year 
statute of limitations applies to these claims. See 42 Pa. Cons. Stat. § 5524; Wallace v. Kato, 549 
U.S. 384, 387 (2007). A claim accrues “when a plaintiff has a complete and present cause of 
action, that is, when [he] can file suit and obtain relief.” Dique v. N.J. State Police, 603 F.3d 
181, 185 (3d Cir. 2010) (quotations omitted). Based on the dates of the events alleged in the 
Complaint relating to the ‘10-‘20 Arrests & Charges, it appears that nearly all of Youst’s 
constitutional challenges under § 1983 are time-barred. Here, Youst’s claims based on the ’10-
’20 Arrests & Charges accrued on or about the dates when Youst was arrested, charged, 

processed, and confined at Lancaster County Prison. See, e.g., LeBlanc v. Snavely, 453 F. App’x 
140, 142 (3d Cir. 2011) (per curiam) (“Claims for false arrest and assault (which would include 
LeBlanc’s excessive force claim) typically accrue on the date of the arrest or the assault, 
because, at that point, the plaintiff has reason to know of the injury.”); see also Hickox v. Cnty. of 
Blair, 591 F. App’x 107, 110 (3d Cir. 2014) (per curiam) (“Hickox’s cause of action accrued on 
November 13, 2010, the date on which he alleges he was injured by the defendants’ actions.”); 
Thomas v. Bucks Cnty., No. 23-1200, 2023 WL 3483886, at *2-*3 (E.D. Pa. May 16, 2023) 
(finding plaintiff’s unconstitutional conditions of confinement claim was time-barred under 
Pennsylvania two-year statute of limitations). 
Youst’s claims accrued, respectively, in 2010, 2012, 2013, 2014, 2017, 2018, 2019, and 
2020. Accordingly, Youst would have been obligated to file his claims within two years of the 
alleged events set forth in the Complaint. However, Youst’s Complaint was filed with the Court 
on or about March 3, 2023. As Youst filed his Complaint several years after the latest date the 
statute of limitations could have expired with respect to any claims arising from these arrests and 

charges occurring between 2010 and 2020 and his incarceration at Lancaster County Prison in 
2018, 2019, or 2020, his claims are untimely and must be dismissed. Leave to amend will not be 
granted as any attempt to amend would be futile.10 
 2. Claims Against Police Departments 
 Youst names the Lancaster City Bureau of Police11 (“LCBP”) and the Manheim 
Township Police Department (“MTPD”) as Defendants. (Compl. Aff. at 127, 138.) Youst’s 
claims against these police departments fail and must be dismissed with prejudice. Following 
the decision in Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978), courts concluded that 
a police department is a sub-unit of the local government and, as such, is merely a vehicle 

through which the municipality fulfills its policing functions. See e.g. Johnson v. City of Erie, 
Pa., 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under 
§ 1983, a police department, as a mere sub-unit of the municipality, may not. Id.; Martin v. Red 
Lion Police Dept., 146 F. App’x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police 

10 To the extent any of Youst’s claims arising from the arrests and charges between 2010 and 
2020 and his incarceration at Lancaster County Prison during 2018, 2019, and 2020 are not 
barred by the statute of limitations, the claims are still subject to dismissal for additional reasons 
discussed below. 

11 Youst misidentified this Defendant in his Complaint as the Lancaster City Bureau Police 
Department. (Compl. Aff. at 127.) 
department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a 
sub-division of its municipality); Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997) 
(“As in past cases, we treat the municipality and its police department as a single entity for 
purposes of section 1983 liability”) (citing Colburn v. Upper Darby Township, 838 F.2d 663, 
671 n.7 (3d Cir.1988)); Hadesty v. Rush Twp. Police Dep’t, No. 14-2319, 2016 WL 1039063, at 

*9 n.4 (M.D. Pa. Mar. 15, 2016). Accordingly, all claims against LCBP and MTPD will be 
dismissed pursuant to § 1915(e)(2)(B)(ii) with prejudice as amendment would be futile. 
 3. Claims Against Lancaster County Prison 
Youst names Lancaster County Prison as a Defendant in his Complaint. (Compl. Aff. at 
167.) Youst’s claims against Lancaster County Prison must be dismissed. Lancaster County 
Prison is not considered a “person” for purposes of § 1983. See Edwards v. Northampton Cnty., 
663 F. App’x 132, 136 (3d Cir. 2016) (explaining that the district court “appropriately disposed 
of” prisoner’s conditions of confinement claims against Northampton County Prison on the basis 
that a prison is not a “person” subject to suit under § 1983) (citing Fischer v. Cahill, 474 F.2d 

991, 992 (3d Cir. 1973)); see also Lenhart v. Pennsylvania, 528 F. App’x 111, 114 (3d Cir. 
2013) (“Westmoreland County Prison is not a person capable of being sued within the meaning 
of § 1983.” ); see also White v. Knight, 710 F. App’x 260, 262 (7th Cir. 2018). Accordingly, any 
claim alleged against Lancaster County Prison will be dismissed for failure to state a claim 
pursuant to § 1915(e)(2)(B)(ii). Because any attempt to amend claims against Lancaster County 
Prison would be futile, these claims will be dismissed with prejudice. 
 4. Claims Against Judicial Defendants 
Youst also asserts § 1983 claims against the following judges, all of whom presided over 
criminal matters in which Youst was a Defendant: (1) Magisterial District Judge Bruce Roth,; (2) 
Lancaster County Court of Common Pleas Judge Merrill Spahn, Jr.; (3) Magisterial District 
Judge Mary Sponaugle; and (4) Lancaster County Court of Common Pleas Judge Thomas 
Sponaugle.12 (Compl. Aff. at 31, 38, 51, 58; see also Compl. at 2-3). However, judges are 
entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in 
their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See 

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Harvey v. Loftus, 505 F. App’x 87, 90 (3d Cir. 
2012) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam); see 
also Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cir. 2000) (concluding that magisterial 
district judges, even though they preside over courts of limited jurisdiction, are entitled to 
protections of judicial immunity). An act is taken in a judge’s judicial capacity if it is “a 
function normally performed by a judge.” Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d 
Cir. 2000). Moreover, “[g]enerally . . . ‘where a court has some subject matter jurisdiction, there 

12 Youst checked the box on the form Complaint indicating that he seeks to bring his claims 
against the Judges in both their individual and official capacities. (Compl. at 2-3.) Any official 
capacity claims against the Judges are really claims brought against the Commonwealth of 
Pennsylvania because Judges of the Court of Common Pleas and Magisterial District Judges are 
considered officials of the Commonwealth. As such, they are entitled to share in the 
Commonwealth’s Eleventh Amendment Immunity. See Green v. Domestic Relations Section 
Court of Common Pleas Compliance Unit Montgomery Cnty., 649 F. App’x 178, 180 (3d Cir. 
2016) (“All courts in the unified judicial system are part of the Commonwealth and are entitled 
to Eleventh Amendment immunity.”) (citing Haybarger v. Lawrence Cnty. Adult Probation & 
Parole, 551 F.3d 193, 198 (3d Cir. 2008); Van Tassel v. Lawrence Cnty. Domestic Relations 
Section, 659 F. Supp. 2d 672, 676-82 (W.D. Pa. 2009), aff’d, 390 F. App’x 201 (2010) 
(recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment 
immunity with respect to official capacity claims); see also 42 Pa. Cons. Stat. Ann. § 301 (“The 
judicial power of the Commonwealth shall be vested in a unified judicial system consisting of . . 
. (9) Magisterial district judges. All courts and magisterial district judges and their jurisdiction 
shall be in this unified judicial system.”). Accordingly, Youst’s official capacity claims against 
the Judges will be dismissed with prejudice on the basis of Eleventh Amendment immunity. 
is sufficient jurisdiction for immunity purposes.’” Figueroa, 208 F.3d at 443-44 (quoting Barnes 
v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997)). 
Youst details the judicial determinations each of these Judges made in a multitude of state 
court criminal proceedings where he was the criminal defendant, and those judicial 
determinations serve as the basis for his § 1983 claims against them. Accordingly, the Judges 

named as Defendants are entitled to absolute immunity, see Kinnard v. George, 652 F. App’x 96, 
98 (3d Cir. 2016) (finding § 1983 action by a pro se plaintiff against two state court judges was 
properly dismissed where plaintiff complained of “judicial actions that [the] Judges . . . took in 
the course of an official criminal proceeding” because the judges were “protected by absolute 
judicial immunity”); see also Blackwell v. Middletown Borough Police Dep’t, No. 12-825, 2012 
WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), report and recommendation adopted, 2012 WL 
4025956 (M.D. Pa. Sept. 12, 2012) (dismissing pro se plaintiff’s claims against a magisterial 
district judge for failure to state a claim at screening because “judicial immunity . . . expressly 
extends to Pennsylvania magisterial district court judges”) (citing Figueroa, 208 F.3d at 441), 

and his claims against Defendants Roth, Spahn, M. Sponaugle, and T. Sponaugle in their 
individual capacities will be dismissed with prejudice.13 

13 Youst also refers to the following judges who are not specifically named as Defendants: 

 (1) Judge David L. Ashworth, (see Compl. at 13; Compl. Aff. at 2, 23, 25); 
 (2) Judge Dennis E. Reinaker, (see Compl. at 14; Compl. Aff. at 1, 5, 8-9, 11, 
 16, 18); 
 (3) Judge Jeffery D. Wright, (see id. at 1); 
 (4) Judge Louis Farina, (see id. at 1); 
 (5) Magisterial District Judge Miles Bixler, (see id. at 2); 
 (6) Magisterial District Judge Robert Herman Jr., (see id. at 2, 17, 21); 
 (7) Judge Margaret Miller, (see id. at 2, 11, 13); 
 (8) Magisterial District Judge David P. Miller, (see id. at 4, 12); 
 (9) Magisterial District Judge Jodie Richardson, (see id. at 6); 
 (10) Judge Donald Totaro, (see id. at 7); 
 5. Claims Against Defense Attorneys 
Youst also seeks to bring § 1983 claims against Edwin Pfursich, Barry L. Wellener, 
Dennis C. Dougherty, the Dougherty and Wellener Law Firm, and John Zelinsky. (Compl. Aff. 
at 94, 113, 119, 162.) Any constitutional claims against these attorneys for their role as defense 
counsel in Youst’s various state court criminal cases are implausible because an attorney 

performing the traditional functions of counsel – whether privately retained, court-appointed, or 
a public defender – is not a state actor for purposes of § 1983.14 See Gannaway v. Stroumbakis, 
842 F. App’x 725, 730 (3d Cir. 2021) (noting that “[a] privately retained attorney clearly does 
not act under color of state law, and . . . that ‘no color of state law attache[s] to the functions of 
court-appointed counsel.’”) (citation omitted); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 
(1981) (“[A] public defender does not act under color of state law when performing a lawyer’s 
traditional functions as counsel to a defendant in a criminal proceeding.”); Clark v. Punshon, 516 

 (11) Magisterial District Judge William G. Reuter (see id. at 12-13, 17, 73-78, 
 89-94, 101, 103-106); 
 (12) Judge Howard F. Knisely, (see id. at 13); and 
 (13) Magisterial District Judge Adam Witkonis, (see id. at 30, 51, 52, 54-58). 

To the extent the Complaint can be liberally construed to allege claims against any of these 
judges in their individual capacities, the Court finds that these judges are also entitled to absolute 
judicial immunity for the same reasons set forth above with regard to the Judges named as 
Defendants. The actions of these judges were clearly taken in a judicial capacity in criminal 
matters where Youst was the defendant including, but not limited to, the following cases: 
Commonwealth v. Youst, CP-36-CR-0004415-2010, (C.P. Lancaster); Commonwealth v. Youst, 
CP-36-CR-0000234-2011, (C.P. Lancaster); Commonwealth v. Youst, CP-36-CR-0005888-2012, 
(C.P Lancaster); Commonwealth v. Youst, CP-36-CR-0004131-2013 (C.P. Lancaster); 
Commonwealth v. Youst, CP-36-CR-0003167-2018, (C.P. Lancaster); Commonwealth v. Youst, 
CP-36-CR-0004423-2019, (C.P. Lancaster); Commonwealth v. Youst, CP-36-CR-0005156-2019, 
(C.P. Lancaster). 

14 Any claims Youst seeks to bring against the Dougherty and Wellener Law Firm fail for the 
same reason. See Graham v. Rudovsky, No. 21-2759, 2021 WL 5040479, at *2 (E.D. Pa. Oct. 
29, 2021) (“Graham cannot maintain his federal constitutional claim because private attorneys 
and law firms carrying out their typical work as lawyers are not state actors[.]”) 
F. App’x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state 
actor for purposes of § 1983). “Attorneys performing their traditional functions will not be 
considered state actors solely on the basis of their position as officers of the court.” Angelico v. 
Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999); see also Webb v. Chapman, 852 F. 
App’x 659, 660 (3d Cir. 2021) (per curiam) (“[A]ttorneys representing individuals in criminal 

proceedings generally are not state actors for purposes of § 1983.”); Singh v. Freehold Police 
Dep’t, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) (“Plaintiff[’s] 
dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a 
civil rights claim against him.”). Therefore, Youst’s claims against Defendants Edwin Pfursich, 
Barry L. Wellener, Dennis C. Dougherty, the Dougherty and Wellener Law Firm, and John 
Zelinsky will be dismissed with prejudice as any attempt to amend would be futile. 
 6. Claims Against the Clerk of Court 
Youst claims that Defendant Jacqueline Pfursich was the Clerk of Court for Lancaster 
County at the time of his various criminal proceedings, and he seeks to bring claims against her 

in both her individual and official capacity. (Compl. Aff. at 101.) Youst contends that 
Jacqueline Pfursich “breached her duties” to monitor court records “when she allowed the 
concealment of warrant applications and authorizations by Magisterial District Judges Mary 
Sponaugle and William Reuter without reporting it to the DOJ.” (Id. at 101-106.) He also 
claims that Jacqueline Pfursich breached her duties by allowing case files and other evidence to 
be “intentionally and recklessly destroyed or altered including stenographs, and statements 
concerning cases” in which Youst was a criminal defendant, as well as an arrest warrant, a 
habeas corpus petition, and DL-21 forms. (Id.) Youst also makes note that Jacqueline Pfursich 
is married to Defendant Edwin Pfursich, “an attorney appointed by the Honorable Dennis 
Reinaker to represent . . . Youst in criminal proceedings” in Commonwealth v. Youst, CP-36-CR-
0003167-2018, (C.P. Lancaster) and Commonwealth v. Youst, CP-36-CR-0004162-2018, (C.P. 
Lancaster). (Id.) Youst further asserts that Jacqueline Pfursich’s actions “were part of a 
conspiracy to convict . . .[him] of criminal charges and deprived [him of] a fair chance to prove 
his innocence . . . [and] were a violation to the United States Constitution and the penal codes 

and Constitution of Pennsylvania.” (Id.) 
Courts have held that clerks of court and clerk’s office employees enjoy absolute 
immunity and quasi-judicial immunity when performing duties required by statute or at the 
direction of judicial authority. See, e.g., Lucarelli v. Norton, No. 06-53, 2006 WL 709319, at *7 
(M.D. Pa. Mar. 17, 2006); Pokrandt v. Shields, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting 
that courts have held that clerks of court are entitled to immunity the same as judges); DeFerro v. 
Coco, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to a court 
clerk because he was a “nonjudicial official whose activities are integrally related to the judicial 
process and involve the exercise of discretion comparable to that of a judge”); see also Acavino 

v. Wilson, 789 F. App’x 308, 309 (3d Cir. 2020) (“Thus, the doctrine of quasi-judicial immunity 
provides absolute immunity for those ‘who perform functions closely associated with the judicial 
process.’”) (citation omitted); Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012) (“The doctrine of 
quasi-judicial immunity provides absolute immunity for those who perform tasks that are 
inextricably intertwined with the judicial function.”) (citing Cleavinger v. Saxner, 474 U.S. 193, 
200 (1985)). 
Under Pennsylvania law, “[p]ursuant to Section 2704 of the Judicial Code, the clerk of 
courts is ‘responsible for the accurate and timely creation, maintenance and certification of the 
record of matters pending before or determined by the courts of common pleas . . . including data 
and reports relating thereto.” O’Connor v. Dep’t of Transp., Bureau of Driver Licensing, 200 
A.3d 137, 140 (Pa. Commw. Ct. 2018) (citing 42 Pa. Cons. Stat. § 2704(a)). Pennsylvania Rule 
of Criminal Procedure 103 further provides that the clerk of courts is the “official . . . in each 
judicial district who, pursuant to 42 Pa. C.S. § § 2756 and 2757, has the responsibility and 
function to maintain the official criminal case file and list of docket entries, and to perform such 

other duties as required by rule or law.” Pa. R. Crim. P. 103. 
Youst does not set forth sufficient factual support for his contention that Pfursich failed to 
discharge her duties as the Clerk of Court and relies only on sweeping assertions that Pfursich 
was part of a multi-level conspiracy to convict him of criminal charges. The Complaint makes 
clear, however, that Pfursich was performing activities that are integrally related to the judicial 
process as she was required to do under Pennsylvania law, and her immunity is not rendered a 
nullity even if she made a mistake or improperly discharged those duties. See Lewis v. W. 
Roxbury Dist. Court, No. 12-11544, 2013 WL 4854117, at *6 (D. Mass. Sept. 10, 2013) 
(dismissing § 1983 claim on quasi-judicial immunity grounds where the plaintiff alleged that the 

court clerk (1) failed to record his criminal case history accurately and (2) ignored his request to 
obtain documents and recognizing that the plaintiff sought “to hold the Court Clerk liable for 
improperly discharging her duties” that arose “directly from the Clerk’s role in supporting the 
adjudication of cases” and were “inextricably intertwined with the judicial function”); see also 
Mullis v. U.S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987) (stating that 
“[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations 
when they perform tasks that are an integral part of the judicial process,” and that “a mistake or 
an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in ‘grave 
procedural errors’”). Accordingly, Pfursich is entitled to immunity from civil rights claims 
brought against her in her individual capacity as the Clerk of Court, and these claims will be 
dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).15 The dismissal of these 
claims will be with prejudice as amendment would be futile. 
 7. Claims Against Prosecutors 
Youst asserts claims against four Assistant District Attorneys with the Lancaster County 

District Attorney’s Office: (1) Defendant Caitlin Blazier, (see Compl. Aff. at 13-15, 24, 72-78); 
(2) Defendant Trista Boyd, (id. at 2, 8, 78-83); (3) Defendant Janie Swinehart, (id. at 1, 9, 83-
88); and (4) Defendant Gregory Seiders, (id. at 107-113).16 Youst challenges the conduct of 
these Assistant District Attorneys in criminal proceedings where these Defendants represented 
the Commonwealth’s interests in prosecuting Youst for charges brought against him in 2010, 
2017, 2018, and 2019. Any claims against these Assistant District Attorneys must be dismissed 

15 Youst’s claims against Defendant Pfursich in her official capacity must also be dismissed 
pursuant to § 1915(e)(2)(B)(ii). Claims against Pfurisch in her official capacity are actually 
claims against the Commonwealth of Pennsylvania because the court Defendant Pfurisch served, 
the Lancaster County Court of Common Pleas, is part of Pennsylvania’s unified judicial system. 
See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (“Official-capacity suits . . . ‘generally 
represent only another way of pleading an action against an entity of which an officer is an 
agent.’”) (quoting Monell, 436 U.S. at 690, n. 55); see also Pa. Const., art. V, § 1 (stating the 
“judicial power of the Commonwealth shall be vested in a unified judicial system consisting of . . 
. . courts of common pleas”), and § 15 (stating the “prothonotary and clerk of courts shall 
become the offices of prothonotary and clerk of courts of the court of common pleas of the 
judicial district”). As part of that system, the Lancaster County Court of Common Pleas shares 
in the Commonwealth’s Eleventh Amendment immunity. Benn v. First Judicial Dist. of Pa., 426 
F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh 
Amendment immunity, Youst’s official capacity claims against Defendant Pfurisch are barred by 
the Eleventh Amendment. 

16 Youst has also failed to allege a basis for a claim against these Assistant District Attorneys in 
their official capacities. Those claims are essentially claims against the Lancaster County 
District Attorney’ s Office. See Fitzgerald v. Martin, No. 16-3377, 2017 WL 3310676, at *6 
(E.D. Pa. Aug. 3, 2017). To state a claim against a municipal employee in his or her official 
capacity, a plaintiff must allege a municipal policy or custom caused the claimed constitutional 
violation. See Monell, 436 U.S. at 694. Youst has not done so here, so the Court will dismiss 
these official capacity claims as well. 
with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because 
prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are 
“intimately associated with the judicial phase of the criminal process” such as “initiating a 
prosecution and . . . presenting the State’s case.” Imbler v. Pachtman, 424 U.S. 409, 430-31 
(1976). Absolute immunity for prosecutors is broad and extends to cover the decision to initiate 

a prosecution, id., 424 U.S. at 431, as well as presenting a state’s case at trial, id., appearing 
before a judge to present evidence, see Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020), and 
even “soliciting false testimony from witnesses in grand jury proceedings and probable cause 
hearings[.]” See Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992). Because Youst’s 
claims against Defendants Blazier, Boyd, Swinehart, and Seiders are based upon their actions as 
prosecutors for the Commonwealth in bringing criminal charges against Youst, they are entitled 
to absolute immunity and the claims against them will be dismissed pursuant to § 
1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be granted as it would be 
futile with respect to Youst’s claims against these Defendants. 

 8. Claims Against Police Officers 
Youst also names the following individual police officers as Defendants in this action: (1) 
Officer Daniel Swigart, Manheim Township Police Department; (2) Officer Eric Lukacs, 
Lancaster City Bureau of Police; (3) Detective Chris Dissinger, Manheim Township Police 
Department; and (4) Officer Ryan Yoder, Lancaster City Bureau of Police.17 (Compl. Aff. at 3-
4, 6, 12, 45-50, 65-72, 89-94, 156-162). 

17 Youst seeks to bring § 1983 claims against these Defendants in both their individual and 
official capacities. As the Court noted, claims against city officials named in their official 
capacity are indistinguishable from claims against the city that employs them. See Kentucky, 473 
U.S. at 165-66. For the reasons set forth in this Memorandum, Youst has not alleged a plausible 
Youst alleges that Officer Swigart “falsely accused and charged . . . [him] of a Felony 
Retail theft and a misdemeanor theft by deception on September 21, 2017[,]” but that Swigart 
failed to “investigate the crime before filing charges[.]” (Id. at 157; see also id. at 158-61.) 
Youst contends that Swigart knew Youst was innocent of the thefts but subjected him to “an 
unlawful arrest” and then “conspired with the District Attorney’s Office to convict” him of these 

crimes. (Id.) Similarly, Youst claims that Officer Lukacs “assaulted and detained” him on or 
about May 16, 2018 for disorderly conduct. (Id. at 6.) Youst further asserts that Officer Lukacs 
conspired with police, prosecutors, and judges to “prosecute and confine” Youst in prison, and 
that Officer “Lukacs[’s] role in the matter was to initiate criminal charges” and “obtain an 
arrest[.]” (Id. at 65; see also id. at 66-72.) Youst contends that Officer Lukacs “succeeded” 
when he arrested Youst on May 16, 2018. (Id. at 65.) As to Detective Dissinger, Youst alleges 
that Dissinger charged Youst “with Kidnapping/domestic violence . . . July 12, 2019” resulting in 
his arrest in Harrisburg, Pennsylvania on July 13, 2019. (Id. at 89; see also id. at 90-94.) 
Youst’s allegations also appear to question the validity of several warrant applications and 

authorizations Detective Dissinger received from the prosecutor because these applications and 
authorizations were sealed by two Magisterial District Judges – Defendants Reuter and Mary 
Sponaugle. (Id.) 
As the Court previously noted, Pennsylvania’s two-year statute of limitations applies to 
Youst’s § 1983 claims. See 42 Pa. Cons. Stat. § 5524; Wallace, 549 U.S. at 387. Specifically, 
“[t]he statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth 
Amendment for false arrest or false imprisonment begins to run ‘at the time the claimant 

claim for municipal liability and his claims against these Defendants in their official capacity 
will be dismissed with prejudice. 
becomes detained pursuant to legal process.’” Green v. United States, 418 F. App’x 63, 67 (3d 
Cir. 2011) (citing Wallace, 549 U.S. at 397). With respect to any claims for an illegal search or 
seizure, those claims accrued at the time the searches or seizures took place. See Barren v. 
Allegheny Cnty. Pennsylvania, 607 F. App’x 130, 131 (3d Cir. 2015). Youst challenges the 
conduct of Defendants Swigart, Lukacs, and Dissinger with respect to arrests that occurred and 

charges that were brought in 2017, 2018, and 2019. He also challenges the investigatory actions 
these Defendants took with respect to these charges such as obtaining and executing search and 
arrest warrants and the alleged use of force when he was arrested.18 Based on these dates, 
Youst’s constitutional challenges under § 1983 against Defendants Swigart, Lukacs, and 
Dissinger for false arrest and false imprisonment are time-barred because his claims accrued on 
or about the dates when Youst was arrested, charged, and initially detained but he did not file his 
Complaint until March 3, 2023, more than two years beyond the alleged events. See Dique, 603 
F.3d at 185; see also LeBlanc, 453 F. App’ x at 142 (“Claims for false arrest and assault (which 
would include LeBlanc’s excessive force claim) typically accrue on the date of the arrest or the 

assault, because, at that point, the plaintiff has reason to know of the injury.”). As the claims 

18 Youst also appears to claim that these Defendants violated his civil rights with respect to 
testimony they provided in court proceedings stemming from these arrests and charges. 
Defendants Swigart, Lukacs, and Dissinger, however, are entitled to absolute immunity from 
civil rights claims based on any testimony they provided in court, including at pretrial hearings, 
in the grand jury, or at trial, even if that testimony is false. See, e.g., Rehberg v. Paulk, 566 U.S. 
356, 369 (2012) (“we conclude that grand jury witnesses should enjoy the same immunity as 
witnesses at trial”); Williams v. Hepting, 844 F.2d 138, 141 (3d Cir. 1988) (stating that witness 
immunity is “firmly bottomed in public policy”) citing Briscoe v. LaHue, 460 U.S. 325, 329-30 
(1983) (holding that under absolute witness immunity a convicted defendant could not state a 
claim for damages under § 1983 against a police officer who had allegedly given perjured 
testimony at the defendant’s criminal trial). Accordingly, Youst’s § 1983 claims challenging 
such testimony will be dismissed with prejudice. 
involving Defendants Swigart, Lukacs, and Dissinger are untimely, they must be dismissed. 
Leave to amend will not be granted as any attempt to amend would be futile. 
The only remaining police officer named in the Complaint is Officer Ryan Yoder of the 
Lancaster City Bureau of Police. Youst alleges that Officer Yoder arrested him on July 3, 2019 
and again on August 23, 20222. (Compl. Aff. at 12, 30.) Youst contends that Defendant Yoder 

“intentionally and recklessly stalked and kidnapped . . . Youst on July 3, 2019” and violated 
Youst’s rights when Yoder arrested him pursuant to a bench warrant related to a June 27, 2019 
traffic stop. (Id. at 45-46; see also id. at 47-50.) Youst also claims that Defendant Yoder 
“intentionally and recklessly harassed and kidnapped . . . Youst [again] on August 13, 2022” 
when he arrested Youst for making a false identification to law enforcement. (Id. at 45-46; see 
also id. at 47-50.) Youst § 1983 claims against Yoder arising from the July 3, 2019 arrested, 
however, are time-barred for the same reasons set forth above regarding his claims against the 
other officers. 
Youst’s claims regarding his August 23, 2022 arrest appear to be timely. However, the 

Court must abstain from ruling on any § 1983 claims against Defendant Yoder seeking money 
damages arising from Youst’s August 23, 2022 arrest in order to avoid interference in his 
pending criminal proceedings in state court.19 In Younger v. Harris, 401 U.S. 37 (1971), the 
United States Supreme Court “established a principle of abstention when federal adjudication 
would disrupt an ongoing state criminal proceeding.” Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 
2005); see also PDXN., Inc. v. Comm’r N.J. Dep’t of Labor & Workforce Dev., 978 F.3d 871, 
882 (3d Cir. 2020) (explaining that Younger applies when the underlying state case is a criminal 

19 While Youst seeks various forms of injunctive relief in this case from a number of entity 
Defendants, the Court does not understand Youst’s Complaint to seek injunctive relief from 
Officer Yoder specifically. The Court reads this claim. 
prosecution). Younger abstention “is premised on the notion of comity, a principle of deference 
and ‘proper respect’ for state governmental functions in our federal system.” Evans v. Court of 
Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). The specific elements 
that warrant abstention are that “(1) there are ongoing state proceedings that are judicial in 
nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings 

afford an adequate opportunity to raise federal claims.” Schall v. Joyce, 885 F.2d 101, 106 (3d 
Cir. 1989). Exceptions to the Younger doctrine exist where irreparable injury is “both great and 
immediate,” where the state law is “flagrantly and patently violative of express constitutional 
prohibitions,” or where there is a showing of “bad faith, harassment, or . . . other unusual 
circumstance that would call for equitable relief.” Younger, 401 U.S. at 46, 53-54. These 
exceptions are to be narrowly construed. See Hall v. Pennsylvania, No. 12-2373, 2012 WL 
5987142, *2 (M.D. Pa. 2012) (citing Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 
(W.D. Pa. 1991)). 
The requirements for Younger abstention are clearly met in this case. First, the criminal 
proceedings against Youst stemming from his August 23, 2022 arrest are still pending.20 

Second, the state proceedings implicate the important interest of enforcing the Commonwealth’s 
criminal laws and prosecuting criminal conduct. Third, the criminal proceedings provide Youst 
an adequate opportunity to raise federal constitutional defenses to his prosecution. See Jaffery v. 
Atl. Cnty. Prosecutor’s Office, 695 F. App’x 38, 40-41 (3d Cir. 2017), 695 F. App’ x at 40-41 
(Younger applied where “[t]here are ongoing state criminal proceedings in the Superior Court of 

20 The public docket reflects that Youst is awaiting a formal arraignment in his criminal case, and 
that a status conference is scheduled for June 22, 2023. See Commonwealth v. Youst, CP-36-CR-
0003924-2022 (C.P. Lancaster). It appears that a bench warrant for Youst was issued with 
respect to this matter on or about September 14, 2022. See Commonwealth v. Youst, MJ-02101-
CR-0000392-2022 (C.P. Lancaster). 
New Jersey that are judicial in nature, the state proceedings implicate the important state interest 
in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to 
raise federal constitutional defenses to prosecution”); Duran v. Weeks, 399 F. App’x 756, 758-59 
(3d Cir. 2010) (per curiam) (“Since Duran’s section 1983 action seeking to enjoin his criminal 
prosecution presents the classic case for Younger abstention, the District Court’s dismissal of 

Duran’s complaint on that basis was clearly appropriate.”). Further, there is nothing in the 
Complaint to indicate that Youst’s claims against Yoder fall within any of the narrow exceptions 
to the Younger doctrine. 
Accordingly, it is appropriate to abstain from entertaining Youst’s remaining claims for 
money damages against Yoder out of deference to the state judicial process. See Wallace v. 
Kato, 549 U.S. 384, 393-94 (2007) (“If a plaintiff files a false-arrest claim before he has been 
convicted (or files any other claim related to rulings that will likely be made in a pending or 
anticipated criminal trial), it is within the power of the district court, and in accord with common 
practice, to stay the civil action until the criminal case or the likelihood of a criminal case is 

ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that 
conviction, Heck [v. Humphrey, 512 U.S. 477, 486-87 (1994)] will require dismissal; otherwise, 
the civil action will proceed, absent some other bar to suit.” (citations omitted)); see also Ellis v. 
Mondello, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) (“[A]ssuming the criminal 
action is still pending in a state trial or appellate court, review of the state court proceedings 
would be barred; a district court cannot interfere in a pending state criminal action in order to 
consider issues that a plaintiff can raise there.”). 
 9. Claims Against the City of Lancaster 
Finally, Youst seeks to allege a claim against the City of Lancaster for municipal liability 
under § 1983. (Compl. Aff. at 147-156.) Youst’s claims against the City of Lancaster appear to 
stem from his dissatisfaction with the response letter he received from Mayor Danene Sorace on 
July 18, 2018. (Compl. Aff. at 147.) Youst alleges that he wrote to the Mayor on July 9, 2018 

informing the Mayor that he had been assaulted by police on April 26, 2018 and that he was 
aware of corruption taking place in both the City of Lancaster and Lancaster County. (Id.) He 
asserts that the Mayor’s response to him was “clearly an act to conspire” and conceal 
wrongdoing on behalf of the police. (Id. at 148.) 
To plead a basis for municipal liability under § 1983, a plaintiff must allege that the 
municipality’s policy or custom caused the violation of his constitutional rights. See Monell, 436 
U.S. at 694. “To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that 
custom or policy was.” McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). 
“‘Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy 

with respect to the action issues an official proclamation, policy, or edict.’” Estate of Roman v. 
City of Newark, 914 F.3d 789, 798 (3d Cir. 2019) (quoting Andrews v. City of Philadelphia, 895 
F.2d 1469, 1480 (3d Cir. 1990)). “‘Custom, on the other hand, can be proven by showing that a 
given course of conduct, although not specifically endorsed or authorized by law, is so well-
settled and permanent as virtually to constitute law.’” Id. (quoting Bielevicz v. Dubinon, 915 
F.2d 845, 850 (3d Cir. 1990)). A plaintiff alleges that a custom was the proximate cause of his 
injuries by demonstrating that the defendant “had knowledge of similar unlawful conduct in the 
past, failed to take precautions against future violations, and that its failure, at least in part, led to 
his injury.” Id. (internal quotations and alterations omitted). Alternatively, a plaintiff may also 
state a basis for municipal liability by “alleging failure-to-supervise, train, or discipline . . . [and 
alleging facts showing] that said failure amounts to deliberate indifference to the constitutional 
rights of those affected.” Forrest v. Parry, 930 f.3d 93, 106 (3d Cir. 2019). “This consists of a 
showing as to whether (1) municipal policymakers know that employees will confront a 
particular situation, (2) the situation involves a difficult choice or a history of employees 

mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of 
constitutional rights.” Id. 
Youst has failed to plead sufficient facts to state a plausible Monell claim. He does not 
specify the exact custom or policy that he alleges resulted in a violation of his constitutional 
rights, see McTernan, 564 F.3d at 658, nor does he allege adequate facts to demonstrate that the 
City failed to supervise, train, or discipline these Officers in a manner that amounts to deliberate 
indifference. See Forrest, 2019 WL 2998601, at *8. The Court need not credit Youst’s bald 
assertions and conclusory allegations that Mayor Sorace’s letter response was “clearly an act to 
conspire” and conceal wrongdoing on behalf of the police, which was taken on behalf of the 

municipality itself. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) 
(recognizing that the court need not credit a pro se litigant’s “bald assertions” or “legal 
conclusions.”). This assertion falls well short of alleging a plausible claim under Monell. 
Accordingly, Youst’s claims against the City of Lancaster will be dismissed with prejudice as it 
appears amendment would be futile. 
IV. CONCLUSION 
For the foregoing reasons, the Court will grant Youst leave to proceed in forma pauperis 
and dismiss all of his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as 
frivolous and for failure to state a claim with the sole exception of his § 1983 claim for money 
damages against Defendant Officer Ryan Yoder arising from his August 23, 2022 arrest. That 
claim will be stayed pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971) 
until Youst informs the Court that his related criminal case has been resolved. Following 
resolution of his criminal case, Youst may file a motion to remove the stay solely with respect to 
that claim. An appropriate Order follows. 

 BY THE COURT: 

 /s/ Joseph F. Leeson, Jr. 
 JOSEPH F. LEESON, JR. 
 United States District Judge